[S. F. No. 1124.    Department One.—April 6, 1899.]

## CHARLES F. SWAN, Appellant, v. HANS A. THOMPSON, Respondent.

TRIAL—GENERAL OBJECTIONS TO EVIDENCE.—Where a specific objection to evidence is not needed to expose a latent vice lurking in the question, which is relied upon by the party objecting, and the question is objectionable from every standpoint, the general objections that the evidence asked for is irrelevant, immaterial, and incompetent, are sufficient.

SLANDER—CHARGE OF DRUNKENNESS AGAINST MASTER MARINER—EVIDENCE—CROSS-EXAMINATION—BARRATRY.—In an action to recover damages for an alleged slander in charging the plaintiff, who was a master mariner, with drunkenness, evidence offered upon cross-examination tending to show the willingness of the plaintiff to commit the crime of barratry, a matter not involved in the case, and which neither explained or discredited any statement made by the witness upon his direct examination, is im-

proper cross-examination, and is not competent in any aspect of the case.

ID.—REPORTS OF DRUNKENNESS—MALICE IN FACT.—A witness for plaintiff, who has testified nothing in his examination in chief concerning plaintiff's drunkenness, or reports of his drunkenness, cannot be properly asked on cross-examination how many reports came to him while in command of the vessel that the plaintiff was drinking. But the defendant may testify in chief that various officers and sailors under command of plaintiff told him that plaintiff was in the habit of getting drunk upon voyages, as bearing upon the questions of malice in fact, and as to whether the communication made by the defendant to an insurance company was privileged.

ID.—JUSTIFICATION OF CHARGE—PLEADING—EVIDENCE.—Where the complaint alleged that defendant had made charges that plaintiff was a drunkard and in the habit of getting drunk, a general justification of the truth of the charges made as alleged in the complaint is sufficient; but evidence of drunkenness outside of the times specified and covered by the plea of justification is inadmissible.

ID.—BROAD CHARGE OF DRUNKENNESS—INJURY AS TO OCCUPATION.—A charge that a "master mariner has been in the habit of getting drunk" is sufficiently broad to cover his conduct upon his voyages, as well as between his voyages, and tends to injure him in relation to his occupation, by imputing to him a general disqualification in those respects which the occupation peculiarly requires, and is an actionable slander.

ID.—PRIVILEGED COMMUNICATION — PLEADING. — Such a charge is not privileged, where no claim is made in the answer that it is a privileged communication.

MALICIOUS PROSECUTION FOR ASSAULT—EVIDENCE—USE OF PISTOL—EXPLANATION OF POSSESSION.—In an action for a malicious prosecution for an assault, where it became a material fact whether or not plaintiff used a pistol in an assault upon the defendant, and the parties contradicted each other as to such use, the plaintiff cannot be permitted to show the circumstances under which he came into possession of the pistol, in proof of his innocent possession thereof.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. S. K. Dougherty. Judge.

The facts are stated in the opinion of the court.

Donzel Stoney, and Warren Olney, Jr., for Appellant.

H. W. Hutton, for Respondent.

GAROUTTE, J.—By this action it is sought to recover damages from defendant upon the grounds of slander and malicious prosecution. Plaintiff is a master mariner, and was for several years a part owner in the good ship "McNear," and had command of her. Defendant was also a part owner in the ship, and managing owner.

The claim for damages is based upon two grounds: 1. It is charged that the defendant declared of plaintiff, in the presence of certain people comprising a committee representing certain insurance companies, that "he is a drunkard when he is away from town." It is further charged by the complaint that defendant said of plaintiff at another time, in the presence and hearing of one Magill: "Lately he has been in the habit of getting drunk, and a couple of days ago went on a debauch." It is further alleged that he said of plaintiff, in the presence and hearing of one Hanna: "He has been in the habit of getting drunk." As a second cause of complaint, it is alleged that defendant maliciously had plaintiff arrested without probable cause, et cetera. The answer denied the allegations of the complaint and also declared that the alleged slanderous words were true. It was further claimed that the statement of the defendant to the insurance people was a privileged communication. The case was tried by a jury, and verdict and judgment went for defendant. The appeal is from an order denying a motion for a new trial.

Various assignments of error are relied upon to support the appeal, and we will at once pass to the consideration of some of the most important ones. It is first claimed upon the part of defendant that many of plaintiff's exceptions taken to the rulings of the court upon the admission and rejection of evidence cannot be considered, because the objections made are too broad and general. The objections found in the record are the ordinary ones to the effect that the question "is irrelevant, immaterial, and incompetent." *Crocker v. Carpenter*, 98 Cal. 421, is relied upon to support defendant's contention in this regard. In certain cases specific objections should be made to questions, in order that the court and opposing counsel may know exactly the particular vice lurking in the question which is relied upon by the party objecting. Especially in fairness to the court

should this be the law. This is essentially the rule when the vice in the question is a latent one. But if the question is objectionable from every standpoint, the court is not aided in making an intelligent ruling by a specific objection, and then the specific objection is not demanded. There is no reason for it, and where the reason is not present the rule fails. (*Nightingale v. Scannell*, 18 Cal. 323.) The objections relied upon in this case are sufficiently broad to meet the requirements of the law.

Wendt, a part owner of the vessel, gave evidence on behalf of the plaintiff. Upon direct examination he testified, among other matters, that defendant said that plaintiff had told him (defendant) in effect that he was willing to cast the vessel on the rocks for the purpose of getting the insurance; and that for this reason and others he and defendant came to the conclusion to get the command of the ship away from the plaintiff. Upon cross-examination he was asked under objection: "Q. Now, I want to ask you, didn't you on one occasion tell me that Captain Swan went to you and suggested to you that you should put a heavy insurance upon your interest in the vessel, and he would take her off shore and fix the rest?" This question was clearly improper cross-examination. Neither was it competent evidence under any aspect of the case. It tended to show the willingness of the plaintiff to commit the crime of barratry, a matter not involved in the case, and a matter tending strongly to his prejudice. The evidence was not proper as cross-examination, because it neither explained nor discredited any statement made by the witness upon his direct examination. Again, the witness having testified that plaintiff was in command of the vessel for three or four years, he was asked upon cross-examination: "Q. How many reports came to you, during that time, that Swan was drinking?" Under objection that the matter was not cross-examination, the witness was compelled to answer the question. This ruling was clearly erroneous. There is not a word in the direct evidence of the witness concerning plaintiff's drunkenness, or reports of his drunkenness.

Under objection, defendant testified that various officers and sailors under the command of plaintiff told him (defendant) that plaintiff was in the habit of getting drunk upon these

voyages. The presence of malice in fact as looking toward exemplary damages was an element in the case. It was also an element in the case as bearing upon the privileged communication made by defendant to the insurance committee. Considerable evidence was introduced by plaintiff upon this question of malice. In answer to this class of evidence the statements made to defendant by men working under the plaintiff as to his, plaintiff's, drunkenness was material and competent evidence. While such evidence was in a sense hearsay, and clearly not admissible to prove the truth of the charge of drunkenness, still the good faith of defendant, as already suggested, was an important element in the case as bearing upon malice in fact. Especially is this true when we consider that plaintiff admitted that defendant's statements to the insurance companies were privileged. These statements of the sailors and officers to the defendant were not matters of mere general rumor and report, but were statements of parties claiming to be eye-witnesses to the occurrence. Many authorities are cited to the effect that general rumors and reports cannot be relied upon by defendant, even as evidence in mitigation of damages. (*Preston v. Frey,* 91 Cal. 107.) But here we have something much more direct and tangible as tending to disprove the charge of malice in fact. We hold the evidence admissible. This conclusion is supported by *Wilson v. Fitch,* 41 Cal. 363; *Edwards v. San Jose Pub. Soc.,* 99 Cal. 438; 37 Am. St. Rep. 70; *Hearne v. De Young,* 119 Cal. 681.

Upon the branch of the case appertaining to malicious prosecution, it became a material fact whether or not plaintiff used a pistol in an assault upon the defendant. The parties plaintiff and defendant directly contradicted each other as to the fact, and there were no other witnesses. Plaintiff admitted a pistol in his possession at the time, but denied exhibiting it. The evidence being in this unsatisfactory situation, plaintiff proposed to show his innocent possession of the pistol at the time by showing the circumstances under which he came by the weapon. This evidence was refused admission under objection. It is claimed by plaintiff that, if he came into possession of the pistol without any intent or purpose of using it in violence upon the defendant, then such evidence to some degree tends to show

that he did not so use the weapon. We are not prepared to say the ruling of the court was erroneous.

By objection to the admission of evidence, and in other ways during the trial, plaintiff made the point that the justification of the charge as set forth in the answer was fatally defective by reason of its general character. In view of the allegation of the complaint, which charged that the defendant accused the plaintiff of habitual drunkenness, and of being in the habit of getting drunk, we are satisfied that the justification is not couched in language too broad. Specific accusations of drunkenness upon certain specified days would hardly be a justification of the charge either of habitual drunkenness or of the habit of being drunk.

The court committed a substantial and prejudicial error in admitting the evidence of the witness Broman. While his testimony went to the effect of plaintiff's drunkenness, it was entirely outside of the justification, for it covered a period of time not included therein. Not being within the justification, plaintiff had no notice that such evidence would be introduced, and necessarily was unprepared to meet it. If acts of drunkenness may be testified to which are not included within the lines marked out by the plea of justification, then the plea is useless, for it serves no purpose. The authorities are all one way upon this proposition.

By the complaint it is charged that defendant used in the presence and hearing of one Hanna the words, "He [plaintiff] has been in the habit of getting drunk." Defendant now insists that these words are not actionable. This contention is based upon the claim that they were not spoken of plaintiff in his position as a master mariner. In other words, it is claimed that he was not charged to have been in the habit of getting drunk while navigating his vessel. We cannot agree with this contention. To say that a "master mariner is in the habit of getting drunk" is a charge so broad as to cover the mariner's conduct upon his voyages, as well as between his voyages, upon the sea as well as upon the land. There is no qualification of the language. It covers the drinking habits of the master mariner wherever he may be. We can imagine no language better calculated to ruin a master mariner than the language here used,

to wit, "he is in the habit of getting drunk." No man of the slightest business prudence would employ such a master mariner to navigate his ship. No insurance company would take a risk upon a ship under the command of such a captain. Upon this question the test seems to be, Do the words used directly tend to injure the party by reason of their relation to his occupation? Applying this rule to the case at bar, the slanderous character of the words is fully apparent for the reasons already suggested.

The foregoing principle of law is more fully laid down in section 43, subdivision 3, of the Civil Code, as follows: "Slander is a false and unprivileged publication other than libel, which . . . . 3. Tends directly to injure him in respect to his office, profession, or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profit." Tested by this provision of the law, we are prepared to say an accusation against a master mariner that he is in the habit of getting drunk imputes to him a "general disqualification" in those respects which the occupation peculiarly requires. The occupation of master mariner, above all things, peculiarly requires a man who is not in the habit of getting drunk. (See *Chaddock v. Briggs,* 13 Mass. 248; 7 Am. Dec. 138; *Sanderson v. Caldwell,* 45 N. Y. 398; 6 Am. Rep. 105.)

The court refused to give the following instruction: "If you find from the evidence that upon or about the time mentioned in the amended complaint the defendant spoke of and concerning the plaintiff, in the presence and hearing of J. F. Hanna, the words alleged in the amended complaint to have been so spoken, to wit, the words, 'He has been in the habit of getting drunk,' and if you further find that the defendant has not proved to your satisfaction by a preponderance of evidence that said words were true of plaintiff,' I instruct you that your verdict must be for the plaintiff." The reasons for refusing this instruction are given as: 1. It ignores the question of privileged communication; and, 2. The words are not actionable. The court also refused an instruction to the effect that the aforesaid statement did not constitute a privileged communication. Both of these instructions should have been given. The words were

actionable and the statement was not privileged. Indeed, as to this statement there was no claim made in the pleadings that it was a privileged communication. (*Gilman v. McClatchy,* 111 Cal. 611.)

We refrain from a further discussion of the law embraced in the charge to the jury. Many objections have been made by appellant to its soundness. But, in view of what has been said, we feel that the lines are fairly marked out by which the court may be guided upon a second trial. As to the degree of evidence necessary to substantiate a plea of justification, *Hearne v. De Young, supra,* may be consulted. Upon many questions of law involved in this case, especially upon the question of malice in law and malice in fact, *Childers v. San Jose Mercury Co.,* 105 Cal. 288, 45 Am. St. Rep. 40, affords valuable information.

The order is reversed and the cause remanded for a new trial.

Van Dyke, J., and Harrison, J., concurred.