[Crim. No. 1576. First Appellate District, Division One.—September 10, 1930.]

THE PEOPLE, Respondent, v. DAVID LIZARRAGA, Appellant.

Leo A. Cunningham for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant was accused by information with the crime of murder. He entered a plea of not guilty by reason of insanity. Trial was had and the jury adjudged him to be sane at the time of the commission of the crime. The court passed judgment that appellant was guilty of murder in the first degree and sentence was imposed that he be imprisoned for the term of his natural life. Motion for a new trial was made and denied and this is an appeal from the judgment and order.

The facts show that defendant, a war veteran, was receiving compensation from the United States Government by reason of disability. On August 19, 1929, he accosted

one Egis Ashnaum, a Red Cross nurse, on the street and insisted upon her furnishing him with the allowance which he claimed was due him. She directed him to go to her office at the Red Cross headquarters. Being under the impression that he was defrauded, he thereupon slashed her throat with a knife, from which wound she died a few hours later. At the trial the only issue involved was whether or not defendant was sane at the time of the commission of the crime. As above stated, the jury found defendant to be sane, and it is here claimed that the evidence shows in, its entirety that defendant was insane and the jury should have so determined.

In such cases the rule in this state requires that defendant show by a preponderance of the evidence that he was insane. (8 Cal. Jur. 368, sec. 403.) Considerable testimony was presented upon this subject which revealed that defendant was afflicted with syphilis and in consequence of this ailment he was at intervals during a period of years prior to the commission of the offense with which he is charged, confined in various hospitals for the insane for dementia praecox. There was also testimony introduced on his behalf to show that he was mentally deficient and subnormal. As against this testimony, the prosecution offered expert evidence to the effect that, notwithstanding defendant's mental condition, he was able and could distinguish between right and wrong. One of the physicians so testifying had been familiar with his case for over a period of ten years. There was also other evidence which showed that defendant realized that he had done wrong. Immediately after the commission of the offense he ran away and when captured stated that he had done wrong. At this time, and during his incarceration, he acted rational and answered all questions intelligently and expressed sorrow for his act. This evidence was sufficient to support the verdict of the jury. In order that insanity may be availed of as a defense to crime, it must appear that the defendant, when the act was committed, was so deranged and diseased mentally that he was not conscious of the wrongful nature of the act committed. Although a defendant may be laboring under some insane delusion or hallucination, still, if he understands the nature and character of his action and its consequences and has knowledge that it is

wrongful and criminal, such partial insanity, or the existence of such delusion or hallucination is not sufficient to relieve him from the responsibility for his criminal act./ ▮ Whether the accused was at the time he committed the act legally responsible therefor, as responsibility is defined by the law, is a question of fact entirely within the province of the jury. (*People* v. *Sloper*, 198 Cal. 238 [244 Pac. 362].) Being a matter entirely within the province of the jury, we have no power to disturb a verdict in the face of conflicting evidence. The finding of the jury concludes the question, and the fact that the jury might be justified under the evidence in rendering a different verdict is of no consequence. (*People* v. *Troche*, 206 Cal. 35 [273 Pac. 767]; ·*People* v. *Floris*, 93 Cal. App. 334 [269 Pac. 726].)

▮ Counsel for appellant further claims that the evidence shows there was no criminal intent on the part of defendant to commit the crime. The question of criminal intent is not here involved. Where a defendant interposes the sole plea of not guilty by reason of insanity, his guilt is admitted and the only issue to be tried is the question of fact as to whether or not he was sane or insane at the time of the commission of the crime. The interposition of the plea of not guilty by reason of insanity alone and by itself removes the necessity of proof of criminal intent as effectively as if appellant had pleaded guilty to the offense charged.

▮ It is next complained that the court should have instructed the jury on the law relative to the effect and operation of sections 1016–1026 of the Penal Code, and that the failure to do so was detrimental to the defendant. Defendant asked for no instructions and the court fully and fairly advised the jury as to the defense of insanity. ▮ Complaint is also made of the action of the court in excluding certain offered evidence. In this connection it is claimed that the court erred in failing to admit defendant's war record and the circumstances surrounding his birth. His war record had nothing to do with the case, nor did the question of his legitimacy or illegitimacy affect the issue, nor was there any error in excluding his mother's conclusion as to the cause of defendant's illness.

▮ Finally, it is claimed that the court erred in denying a motion to arrest the judgment on the ground that

there were reasonable grounds for believing defendant to be insane at the time judgment was to be pronounced. This is a matter that rested entirely in the discretion of the court. (*People* v. *Croce,* 208 Cal. 123 [280 Pac. 526].)

The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.