[Crim. No. 2349. Second Appellate District, Division One.—December 1, 1933.]

THE PEOPLE, Respondent, v. GEORGE A. McBRIDE, Appellant.

· John F. Groene for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant appeals to this court from three judgments which followed his conviction on each of three accusations of the crime of robbery, as well as from a judgment by which he was found to have been sane at the time when each of said crimes was committed; also · from three orders by which his motion for a new trial with respect to each of said judgments was denied.

The principal point presented by appellant as a sufficient reason for a reversal of said judgments is that "the verdicts of the jury finding defendant and appellant sane, are erroneous and not sustained by the evidence".

Without herein setting forth a detailed statement of the evidence adduced on the trial of the action, it may suffice to state that from an examination of the record herein it would seem clear that by a preponderance of the evidence, on the dates represented by the occasions when each of the several crimes of which defendant is accused was committed, apparently he was insane with respect to one or more facts, or situations either then present, or which were suggested to defendant for his consideration. But · with reference to the pertinent question of his insanity in the manner, or to the degree, that it would legally absolve him from responsibility for the commission by him of criminal acts, and in particular for the crime or crimes of which he was charged by the information, the evidence, which was substantial in its nature, was equally preponderating to the effect that at the time when each of the offenses was committed, defendant was possessed of reasoning capacity sufficient for him to clearly distinguish between right and wrong, had consciousness that what he was then doing was criminal in its nature, and fully appreciated the fact that if he were pursued to conviction therefor, punishment would result.

In the case of *People* v. *Willard,* 150 Cal. 543, 554 [89 Pac. 124, 129], a general rule, which ever since its pro-

nouncement has been consistently followed by the courts of this state, and which it is thought governs the situation here presented, was announced as follows:

"That insanity may be available as a defense to a crime charged, it must appear that the defendant, when the act was committed, was so deranged and diseased mentally that he was not conscious of the wrongful nature of the act committed. If he has reasoning capacity sufficient to distinguish between right and wrong as to the particular act he is doing, knowledge and consciousness that what he is doing is wrong and criminal and will subject him to punishment, he must be held responsible for his conduct. Although he may be laboring under partial insanity,—as, for instance, suffering from some insane delusion or hallucination,—still if he understands the nature and character of his action and its consquences,—if he has knowledge that it is wrong and criminal, and that if he does the act he will do wrong, such partial insanity or the existence of such delusion or hallucination is not sufficient to relieve him from responsibility for his criminal acts."

To the same effect, see *People* v. *Sloper,* 198 Cal. 238 [244 Pac. 362]; *People* v. *Troche,* 206 Cal. 35 [273 Pac. 767]; *People* v. *Lizarraga,* 108 Cal. App. 152 [291 Pac. 434]; and authorities there respectively cited.

Considering the status of the evidence as being as hereinbefore has been indicated, by a host of authorities, including those to which reference just has been had, the rule is settled in this state that, based upon evidence in effect such as was adduced herein, a verdict returned by a jury by which the defendant is found to have been sane at the time or times in question cannot be disturbed on appeal from the ensuing judgment pronounced against him. See, also, 8 Cal. Jur. 278, and 1928 Supplement thereto, 641.

It is also contended by appellant that where the "defense" of insanity is interposed by a defendant in a criminal action, the burden of proving his sanity is placed upon the people. With reference to such contention, a *résumé* of the law of this state, with abundant and appropriate authority therefor, is succinctly stated in 8 California Jurisprudence, 30, as follows:

"But the law presumes all men sane, with full mental capacity to commit any crime or degree of crime. This

presumption is the full equivalent of proof of it as a fact, and, until the contrary is shown, the prosecution, by the presumption, has proved the sanity of the defendant beyond a reasonable doubt. It then devolves upon a defendant relying upon the defense of insanity to establish it. He must prove insanity of such a character as in point of law amounts to a defense, and he must do so by a preponderance of the evidence. This rule does not shift the burden of proof; it merely shifts the burden of introducing evidence and declares the *quantum* of evidence which he must produce to overthrow the presumption and show his insanity.''

See, also, 1928 Supp. to Cal. Jur., p. 586; 1930 Supp. to same, p. 369; and 1932 Supp. to same, p. 310; and authorities there respectively cited.

■ In connection with his ''defense'' of insanity, appellant urges the point that ''a person cannot be punished while insane''. Although if preceding or during the trial of the action a ''doubt'' had arisen ''as to the sanity of the defendant'', by the terms of section 1368 of the Penal Code it would have become the duty of the trial court to ''order the question as to his (defendant's) sanity to be submitted to a jury'' (*People* v. *Vester, ante,* p. 223 [26 Pac. (2d) 685]);—by no reference to the record herein does it appear that at any time other than on each of the occasions when the several criminal offenses of which defendant was charged were committed was the sanity of defendant ever questioned, or that any ''doubt'', such as is contemplated by the provisions of the statute, ever arose regarding his sanity at any time, either preceding or during the trial of the action. Nor does it appear that since the conclusion of such trial any ''doubt'' has arisen, or that any proceedings have been instituted respecting an inquiry into his mental condition. Manifestly, in the face of the record, the point suggested by appellant is not pertinent to the instant appeal.

■ Appellant also presents the point that the evidence was insufficient to support either of the several verdicts returned by the jury against him. In that regard, an examination of the evidence impels the conclusion that it was so overwhelmingly against the innocence of defendant that it approached a demonstration of his guilt.

 Prejudicial error is alleged to have been committed by the trial court in the making of each of several orders by which were overruled certain objections interposed by defendant to the introduction in evidence of specified facts; also exhibits of "shells", a pair of "glasses", and a hat. However, in any event, without at all conceding the correctness of the position assumed by appellant, but regarding it as tenable, and consequently that neither of the several facts to which appellant has referred, nor either of the exhibits to which attention has been directed, should have been introduced in evidence, it does not follow that because of the commission of such assumed error or errors, the judgment or judgments should be reversed. It is not only the duty of appellant to show that error has been committed, but as well that it was so prejudicial to the substantial rights of defendant as to result in a miscarriage of justice. (Sec. 4½, art. VI, Const.) With so much in mind, and comparing the mass and weight of other undisputed and practically conclusive evidence of the guilt of defendant, with the probable effect of the alleged errors of which complaint is made, it becomes apparent to this court that such asserted errors cannot suffice as a reason for an order by which the judgments or any of them may be reversed.

The rulings hereinbefore indicated dispose of all other specifications of error suggested by appellant.

It is ordered that the judgments and the orders be and they are affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 13, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 28, 1933.