[Crim. No. 321.   Fourth Appellate District.—November 20, 1935.]

THE PEOPLE, Respondent, v. LEE GRIDER, Appellant.

N. D. Meyer for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

MARKS, J.—Defendant was charged with the violation of section 288 of the Penal Code upon the person of a girl of the age of eight years. He entered the pleas of not guilty, and not guilty by reason of insanity. In trials before the court sitting without a jury he was found guilty, and sane, and judgment was pronounced upon him. The case is here on an appeal from that judgment.

As the sole ground for reversal defendant urges that the evidence is insufficient to support the judgment. We can discover no good reason for detailing the evidence here.

While the evidence is conflicting, and defendant denied any wrongful intent, we find ample evidence in the record to support the judgment. Because there is evidence which would support a judgment contrary to the one rendered, it cannot avail the defendant where evidence is conflicting and there is competent and material evidence supporting the judgment rendered. (*People* v. *Lizarraga*, 108 Cal. App. 152 [291 Pac. 434].) The question of the intent of defendant in committing a criminal act is primarily addressed to the trial judge if sitting without a jury. The intent, like any other contested fact, may be established by circumstantial evidence and may be deduced from the circumstances of the crime. In this case the trial judge made the reasonable deduction of criminal intent from the proven facts. This deduction having been made by the trier of fact we cannot disturb it on appeal.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.