[Crim. No. 4195.   Second Dist., Div. Two.   May 4, 1948.]

THE PEOPLE, Respondent, v. ROBERT CHELSEA
PUTER, Appellant.

Robert Chelsea Puter, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and James A. Doherty, Deputy Attorney General, for Respondent.

WILSON, J.—Appellant was charged in three informations with a total of eleven counts of felony, four of forgery and seven of violating section 476a of the Penal Code, uttering fictitious checks. In each information he was charged with two prior felony convictions,—one of forgery, the other of violating section 476a of the Penal Code. The three informations were consolidated and tried together.

Appellant entered a plea of not guilty to each count and a plea of not guilty by reason of insanity and denied the prior convictions. Three alienists were appointed by the court to examine the defendant and report as to his sanity. Trial by jury was waived by the defendant, his attorney and the district attorney as to all issues. By stipulation the cause was submitted on the evidence received at the preliminary examination and it was further stipulated that the reports of the alienists should be considered as evidence on the question of appellant's sanity. The cause was tried, the reports of the alienists were presented and filed, the court found appellant guilty on all counts, found the allegations of prior convictions to be true and found that defendant was sane when each of the several offenses was committed and sane at the time of trial. A motion for new trial was made and denied and judgment and sentence were pronounced against appellant. He appeals from the judgment only.

Appellant was represented by counsel throughout the proceedings in the superior court to and including the pronouncement of judgment. He prosecutes this appeal on his own

behalf. He does not question the sufficiency of the evidence. It need only be said that it sustains his conviction on each count and the truth of the allegations of his prior convictions.

■ Appellant contends that his waiver of a trial by jury was irregular and ineffective for the reason that a paper signed by him in which he authorized his attorney to inform the district attorney and the court that he would consent to a trial without a jury was filed out of his presence on the day before the case was called for trial. The paper did not purport to be a waiver but was filed only for the information of the district attorney and the court in order that a jury would not be in attendance at the trial when the case was called. A trial by jury was waived in the manner provided in section 7 of article I of the Constitution. Appellant, his attorney and the deputy district attorney who was prosecuting the case joined in a stipulation that a jury was waived on the plea of not guilty and on the plea of not guilty by reason of insanity. A waiver by all parties is clearly expressed in the transcript and no irregularity appears.

There is nothing in the record to indicate that appellant was induced to waive a jury by any promise or understanding that the question of his sanity would be investigated prior to the trial.

Insofar as the determination of appellant's sanity is concerned we find from the record that the proceedings were had as required by law. Since appellant had once been declared insane by a judicial proceeding he contends that because he had never thereafter been judicially declared sane he should not have been prosecuted nor convicted on the charges contained in the information. He relies on sections 1367 and 1368 of the Penal Code. ■ Section 1368 of the Penal Code provides that if at any time during the pendency of the action and prior to judgment a doubt arises as to the sanity of the defendant the court must order the question of sanity to be determined by a trial by the court without a jury, or with a jury if one be demanded. The existence of a doubt as to defendant's sanity means a doubt created in the mind of the trial judge arising from a consideration of all the facts and circumstances which may be disclosed. (*People* v. *Gilberg,* 197 Cal. 306, 310 [240 P. 1000] ; *People* v. *Perry,* 14 Cal.2d 387, 399 [94 P.2d 559, 124 A.L.R. 1123] ; *People* v. *Lindley,* 26 Cal.2d 780, 789 [161 P.2d 227].) The court had before it the fact that appellant at one time had been committed to

the Mendocino State Hospital, the fact that in the instant case he entered his plea of not guilty by reason of insanity, and the facts and opinions set forth in the reports of the alienists. The court also observed appellant during the trial, listened to his evidence which covers several pages of the transcript, and examined several documents written by appellant in support of his claim of insanity. From the evidence and from observation of appellant and his conduct during the trial the court was able to form an opinion as to appellant's mental condition. The court stated that appellant was "sane, clear and logical" and that his explanations of the forgeries were "not the wanderings of an insane mind." At another point the court stated ". . . inasmuch as the question has been raised, I cannot say that at this time any doubt has arisen in my mind as to the present sanity of the defendant."

The order committing appellant to Mendocino is not conclusive on the question of criminal responsibility or on his ability to conduct his defense in a rational manner. (*People* v. *Gilberg,* 197 Cal. 306, 320 [240 P. 1000] ; *People* v. *Willard,* 150 Cal. 543, 554 [89 P. 124].)

Section 1026 of the Penal Code is not applicable since it applies only to cases where the person confined in a state hospital has been found not guilty of the offense charged by reason of insanity. Appellant was not committed to Mendocino upon a finding of not guilty by reason of insanity but upon a determination made during a trial in San Francisco to the effect that he was insane.

Nor are sections 1367 to 1372 of the Penal Code applicable to this case. If, pursuant to those sections, defendant is received into a state hospital he is required by section 1372 to be detained until he becomes sane, and when that event occurs the superintendent must certify that fact to the sheriff and the district attorney of the county. The sheriff is required to bring the defendant without delay from the state hospital and place him in custody until he is brought to trial or judgment or is legally discharged. This appears from the record to have been the procedure followed upon appellant's release from Mendocino. In such a case the statute does not require that the certificate of sanity "be in any particular form or that it be produced in court as a prerequisite to the right to proceed to trial." (*People* v. *Lindley,* 26 Cal.2d 780, 788 [161 P.2d 227].) If any person has been convicted of a crime and after conviction has been committed to a state

hospital he is not entitled to a judicial determination of his restoration to sanity following certification by the superintendent of the hospital that he is sane. (*In re Phyle*, 30 Cal. 2d 838, 842 [186 P.2d 134].)

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.