[Crim. No. 2271. Third Dist. Aug. 2, 1951.]

THE PEOPLE, Respondent, v. LEVI JACKSON, Appellant.

Joseph J. Lebeda for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

PEEK, J.—This is an appeal by defendant from a judgment of conviction for the alleged violation of section 447(a) of the Penal Code (arson) and from the order denying his motion for a new trial.

The information charged that on June 9, 1950, defendant burned three cabins owned by his wife. The jury returned a verdict of guilty, following which counsel for defendant moved for a new trial. His motion was accompanied by a

copy of an order of the Superior Court of Merced County, entered February 14, 1950, committing defendant to the state hospital at Stockton, it being adjudged therein that defendant was a mentally ill person. In support of the motion, and as a part thereof, was an affidavit by defendant's counsel wherein he averred that on February 14, 1950, after a hearing in the Superior Court of Merced County, defendant was committed to the Stockton state hospital as a mentally ill person; that he was paroled therefrom on April 21, 1950, remaining, however, under the jurisdiction of the officials of the hospital and being required to report monthly to a visiting psychiatric social welfare worker employed by the Department of Mental Hygiene; and that the affiant attorney had not learned of said order of commitment until after the trial and entry of the verdict in the present proceeding.

The transcript shows that the order of February 14, 1950, committing defendant to the state hospital was the result of proceedings under article 3 of chapter 1, part 1, division 6 of the Welfare and Institutions Code [§§ 5047-5055], instituted by defendant's wife. The certificate of the medical examiners, on which the order was based, recommended that the defendant be confined to a state hospital for the reason that he was dangerous to himself and others.

The Honorable R. R. Sischo was absent on the date set for the hearing of defendant's motion for a new trial and the matter was heard before the Honorable Gregory P. Maushart, who presided at the commitment proceedings on February 14, 1950. The transcript shows that Judge Maushart, because of his stated lack of knowledge of the facts presented at the trial, observed that he believed it would be unfair for him to rule upon the motion. In lieu therof and on his own motion he ordered a psychiatric examination of the defendant, in order, he said, so that when Judge Sischo returned he would "have complete information concerning the present mental ability of the defendant."

Upon the return of Judge Sischo a hearing was had upon defendant's motion and upon the conclusion thereof the court denied defendant's motion as well as his further motion to be recommitted to the Stockton state hospital, stating that he was convinced that defendant was presently sane.

The gist of defendant's argument on appeal is that the conviction and sentence must be reversed since there has been no subsequent determination that he is a sane person, hence his prior commitment to the Stockton state hospital is a conclusive

adjudication that he was insane at all times involved herein. Insofar as said contention relates to the sanity of appellant at the time of the commission of the offense it is not well taken.

■ As respondent contends, the established law of this state is that the commitment of an individual to a state hospital is not conclusive or in any way determinative of the question of that individual's responsibility for criminal acts. (*People* v. *Willard*, 150 Cal. 543 [89 P. 124]; *People* v. *Puter*, 85 Cal.App.2d 348 [193 P.2d 23].) The reason for this rule is clear. ■ To constitute a defense to criminal proceedings, the insanity of the defendant must be such that he has not the capacity to distinguish between right and wrong concerning the particular act with which he is charged. (*People* v. *Coleman*, 20 Cal.2d 399 [126 P.2d 349].) ■ Partial insanity or insane delusions are not sufficient to establish the defense, if the defendant understands the character and consequences of the crime and knows its wrongful nature. (*People* v. *Lizarraga*, 108 Cal.App. 152 [291 P. 434].)

■ Section 5040 of the Welfare and Institutions Code, under which defendant was committed on February 14, 1950, defines a "mentally ill person" as one whose mental condition is such that he is in need of treatment, supervision, care, or restraint, or is dangerous to himself, or to the person or property of others. It is readily apparent from a reading of that section an adjudication such as the order of February 14, 1950, may be entirely unrelated to the question of the criminal responsibility of appellant.

Furthermore, appellant, by failing to plead not guilty by reason of insanity, is conclusively presumed to have been sane at the time of the commission of the offense. Pen. Code § 1016; *People* v. *Walsh*, 50 Cal.App.2d 164 [122 P.2d 671].)

■ Technically, the insanity of a defendant at the time of trial or prior to sentencing is neither a ground for a new trial nor for a motion in arrest of judgment. (*People* v. *Kirby*, 15 Cal.App. 264, 270 [114 P. 794]; *People* v. *Chambers*, 122 Cal.App. 723, 724 [10 P.2d 467].) Hence, there was no error in denying appellant's motion for a new trial.

However, under section 1367 of the Penal Code, a person cannot be tried, sentenced or punished for a public offense while he is insane. The proper procedure for raising the question of the present insanity of the defendant is set forth in section 1368 of the Penal Code which provides that, "If at any time during the pendency of an action and prior to judgment a doubt arises as to the sanity of the defendant, the court

must order the question as to his sanity to be determined by a trial by the court without a jury, or with a jury, if a trial by jury is demanded; . . . '' ■ The "doubt" as to the sanity of a defendant is one that must arise in the mind of the court, and the question rests in the sound discretion of the court. (*People* v. *Perry,* 14 Cal.2d 387, 399 [94 P.2d 559, 124 A.L.R. 1123].) "The rule is not otherwise though the judge who passes upon the . . . [question] . . . did not preside at the trial of the cause at which the accused was convicted." (*People* v. *Carskaddon,* 123 Cal.App. 177, 184 [11 P.2d 38].)

Respondent's argument that there was no abuse of discretion in the trial court's failing to entertain a doubt as to defendant's sanity is not applicable to the facts of this case. The circumstances under which Judge Maushart ordered a psychiatric examination of appellant leave no question but that he did, in fact, entertain a doubt as to appellant's present sanity. A similar factual situation was presented in *People* v. *Vester,* 135 Cal.App. 223 [26 P.2d 685]. There the trial court, at the time of arraignment, ordered a medical examination stating that it appeared to the court that the defendant "should be examined as to his mental condition." Following the report of three physicians the case proceeded to trial on the criminal charges and the defendant was convicted. On appeal it was held that the order of the trial court stating that the defendant should be examined as to his mental condition was a sufficient indication that a "doubt" had arisen within the meaning of section 1368 of the Penal Code, and hence prejudicial error was committed by the trial court in failing to determine judicially whether the defendant was sane at the time of trial.

■ Thus, in the present case, it would seem to follow that since a psychiatric examination was ordered by the judge who, only a relatively short time before, had committed defendant to a state institution as a mentally ill person, the "doubt" contemplated by said section was as sufficiently established as it was in the Vester case. (See *People* v. *West,* 25 Cal.App. 369 [143 P. 793].)

■ The sole question remaining is whether the court, having such a doubt, proceeded properly in compliance with section 1368. By the terms of section 1368, once a doubt has arisen, a trial on the issue of present sanity becomes mandatory, and that trial must be entirely separate and independent of the criminal proceeding. (*People* v. *Hensley,* 101

Cal.App. 2d 744 [226 P.2d 385].) And, as stated in the Vester case, failure to conduct such trial in the face of the existing "doubt" is a denial of substantial rights of the defendant. (*People* v. *Vester, supra.*)

The facts in the present case show without question that Judge Maushart, because of his reluctance to rule on the motion for a new trial, continued the hearing on the medical report until Judge Sischo's return, at which time the report was considered together and in connection with the motion for a new trial. There was not in any sense a separate trial or a judicial determination pursuant thereto on the question of appellant's present sanity. The failure to order a trial on that question was error.

The judgment is reversed and the case is remanded with instructions to the trial court to institute a separate and further proceeding on the question of the present sanity of defendant in conformity with section 1368 of the Penal Code. The order denying the motion for a new trial is affirmed.

Adams, P. J., and Van Dyke, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 30, 1951.