[Crim. No. 5001.   Second Dist., Div. Two.   Sept. 21, 1953.]

THE PEOPLE, Respondent, v. JAMES A. ZOLLO, Appellant.

Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was accused of an assault with intent to commit robbery.  It was also charged that he had been convicted of highway robbery, a felony, in Virginia, and had served a term in the state prison therefor.  Initially defendant

entered a plea of not guilty and denied the prior conviction. Thereafter, with the court's permission, he changed his plea of "not guilty" to one of "not guilty by reason of insanity," and admitted the prior conviction. After a trial on the issue of insanity, defendant was found to be sane at the time of the commission of the offense. The medical reports also disclosed that he was sane at the time of trial. Having admitted the commission of the offense charged by his change of plea (Pen. Code, § 1016), defendant was granted permission to file an application for probation. Before passing on his application for probation, the court, at defendant's request, permitted him to file, in the psycopathic department of the court, an application to be declared a mentally ill person. He was thereafter so adjudged and committed to Camarillo State Hospital under the provisions of section 5100 of the Welfare and Institutions Code. The matter of probation and sentence was then placed off calendar in the criminal department. Some three months later defendant escaped from Camarillo. A bench warrant was thereupon issued by the criminal court. Defendant was ultimately apprehended in New York and returned to this jurisdiction. On January 7, 1953, defendant was brought before the criminal court (the same judge presiding) for judgment and sentence. Defendant made a motion to stay proceedings and also a motion to reinstate his plea of not guilty. These motions were denied, probation was denied, and defendant was sentenced to the state prison. He appealed from the judgment and the orders denying his motions.

Defendant challenges the jurisdiction of the court to pronounce judgment and sentence on the ground that he had not been discharged from Camarillo State Hospital and was therefore still under the jurisdiction of the Department of Mental Hygiene of the state. His position, however, is not well founded.

Section 6730 of the Welfare and Institutions Code provides that "The Superintendent of a State hospital, on filing his written certificate with the Director of Institutions, may discharge as improved, or may discharge as unimproved, as the case may be, any patient who is not recovered but whose discharge, in the judgment of the superintendent, will not be detrimental to the public welfare, or injurious to the patient." Under the authority of this section defendant was discharged from Camarillo as unimproved on January 5, 1953, —two days prior to pronouncement of judgment and sentence.

The court was so advised in a letter signed by the administrative assistant to the superintendent of the hospital. In this connection it should be pointed out that there is no requirement that a certificate of discharge be filed with the court or that any particular formality be followed in notifying the court. (See *People* v. *Puter*, 85 Cal.App.2d 348 [193 P.2d 23]; *People* v. *Lindley*, 26 Cal.2d 780, 788 [161 P.2d 227].)

Furthermore, it is presumed that official duty has been regularly performed. Code Civ. Proc., § 1963(15); *People* v. *Lindley, supra,* 789.) Thus the presumption is that defendant was properly discharged under section 6730, Welfare and Institutions Code, prior to the pronouncement of judgment. There is also the further presumption ''That a court or judge, acting as such, . . . was acting in the lawful exercise of his jurisdiction.'' (Code Civ. Proc., § 1963, subd. 16; *People* v. *Superior Court*, 4 Cal.2d 136, 147 [47 P.2d 724].) There is nothing in the record to rebut these presumptions.

The fact that defendant was an escapee from the state hospital at the time of his discharge did not preclude the superintendent from discharging him. (*Shaw* v. *Feehan*, 207 Cal. 561, 567-568 [279 P. 658]; *People* v. *Geiger*, 116 Cal. 440, 441 [48 P. 389].)

The judgment and orders are affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 22, 1953.