[Crim. No. 5711.   Second Dist., Div. One.   Feb. 4, 1957.]

THE PEOPLE, Respondent, v. LUPE HUERTA, Appellant.

Lupe Huerta, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOURT, J.—The defendant in this matter filed a letter with the clerk of the court indicating that his purpose was to appeal because he had been unjustly convicted. The document will be treated here as though it were an appeal from the judgment.

The appellant was charged in two counts with the sale of narcotics in violation of section 11500 of the Health and Safety Code. After a trial the appellant was found guilty of both counts and sentenced to the state prison, the sentences to run concurrently.

A résumé of the facts is as follows, as to count I: On or about February 13, 1956, Albert Natividad, a deputy sheriff of the county of Los Angeles, attached to the Narcotic Detail, saw the appellant in front of a café on Seventh Street in Los Angeles about 7:15 o'clock p.m. Natividad, a confidential informant, and a third person (whose name does not appear) in the presence of the appellant talked of making a purchase of some narcotic capsules at $3.00 each. While the bargaining was taking place the appellant interrupted the conversation and stated that three capsules for $8.00 was a very cheap price; that the narcotics they had was very good stuff and that he would be able to get three caps for $9.00. The conversation between the unknown person, the deputy sheriff and the confidential informant continued, and during such conversation, the appellant left for about two minutes and returned with

a package which appellant stated contained three capsules. The deputy sheriff instructed the informant to give $5.00 to the appellant, which the informant did, and the deputy sheriff gave the appellant $3.00, whereupon the delivery of the package was made to the informant by the appellant.

As to count II, the facts were that on February 20, 1956, at about 8 o'clock p.m., Natividad approached the appellant as he was talking to a group of boys on Seventh Street. Natividad stated that he wanted to buy some narcotics and they then went to the officer's car on Stanford Street. The appellant went into an apartment house nearby and returned to the automobile in a few minutes and thereupon handed to Natividad two capsules. Natividad paid to the appellant $5.00 for the capsules.

It was stipulated by all concerned that the cause was to be tried by the court sitting without a jury. It was also stipulated at the trial that the testimony of a forensic chemist of the sheriff's department given before the grand jury in this cause would be read into evidence in lieu of a personal appearance by the chemist. The substance of the capsules, in each instance, was identified by the chemist as being heroin.

The appellant contends that he was denied a fair trial, that the court erred in receiving into evidence the testimony of the chemist and the testimony of Natividad concerning the conversation with the confidential informant in appellant's presence, and that he was denied the effective aid of counsel.

A thorough and complete examination of the record indicates that the appellant was not denied a fair trial. ■ The appellant suggests that he was required to testify against himself. In truth, he was neither required to testify against himself, nor did he testify against himself. He elected to voluntarily take the witness stand and to testify in his own behalf, and any privilege that he might have had not to take the witness stand, in the first instance, was waived. (14 Cal. Jur.2d, Criminal Law, § 119, pp. 340-341.) ■ The appellant also insists that he was denied a fair trial because his attorney ignored his requests and demands for a jury trial. The record recites clearly, upon inquiry by the court, that the appellant's counsel, the appellant himself and the representative of the district attorney's office all specifically waived a jury trial, and stated in essence that it was their desire to have the trial by the court and without a jury. The trial judge was not made aware of any disagreement between the appellant and his attorney, if any there was, and no irregu-

larity appears. (*People* v. *Puter,* 85 Cal.App.2d 348, 350 [193 P.2d 23].)

The appellant further contends that he was deprived of the "presumption of innocence." However, he does not, in any wise, or in any manner support his claim by any reference to the record, and our reading of the same discloses that he was afforded a fair trial in every respect.

The indictment was amended on its face during the course of the trial and, in our opinion, properly so. The transcript discloses the following:

"MR. GALLIANO (Deputy District Attorney): Now, if your Honor pleases, the Indictment inadvertently was written up to show a violation of the same section, 11500 of the Health and Safety Code, but the narcotic described there was marijuana, and it should have been a preparation of heroin as to each count. At this time we ask leave to file by interlineation, striking the words 'flowering tops and leaves, Indian hemp, Cannabis Sativa,' and substitute therein the words 'a preparation of heroin.'

"THE COURT: Very well. It will be so amended.

"MR. GALLIANO: That is as to each count.

"THE COURT: As to each count."

Where the amendment does not change the nature of the offense charged or prejudice the appellant's substantial rights, it is permitted. (*People* v. *Nasworthy,* 94 Cal.App.2d 85, 91 [210 P.2d 83]; Pen. Code, § 1008.) No objection was made by the appellant and no request for a continuance was made. So far as we are able to determine, the appellant suffered no prejudice and he cannot now object for the first time on appeal. (*People* v. *Beck,* 71 Cal.App.2d 637, 641 [163 P.2d 41].)

The testimony of the chemist was received pursuant to a stipulation made in open court between the attorneys for the respective parties, and we can conceive of no reason why it was not properly received.

As to the conversation which took place between Natividad, the informant and the unknown person in the presence of the appellant, it was obviously admissible, and furthermore, no objection was made to it at the time of the trial. The appellant expressed no dissatisfaction with his counsel at the time of the trial and, although he was present during all of the proceedings in court, and heard all of the stipulations, he made no objections to any of the same.

The appellant is now bound by what was said and agreed upon in open court and he cannot now, for the first time, say that he was not properly represented. Quite the contrary, as a matter of fact, appears from the record—namely, that the appellant was represented by competent, capable and alert counsel.

The record discloses no error and the appellant was, in our opinion, fairly and properly convicted of selling heroin on two separate, distinct, different occasions, and he was indeed fortunate to have the judge order that the terms run concurrently and not consecutively.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 2, 1957.