[Crim. No. 3496.   First Dist., Div. Two.   Jan. 29, 1959.]

THE PEOPLE, Respondent, v. IRA ROBERSON, Appellant.

430

Gregory S. Stout, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk and Edmund G. Brown, Attorneys General, Clarence A. Linn, Chief Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), and Philip J. Hanley, Deputy District Attorney, for Respondent.

DOOLING, J.—Tried upon an indictment charging sale of narcotics, defendant was found guilty by a jury and sentenced to prison. He appeals.

The prosecution charges that appellant sold heroin to James Shepherd, a Hayward policeman employed for five weeks in the spring of 1957 as an undercover agent for the State Bureau of Narcotics. The only evidence of the sale of narcotics by appellant is found in Shepherd's testimony that he bought heroin from appellant. Appellant flatly denied this sale and on that issue the jury had to resolve the question of credibility between those two witnesses and those two witnesses alone.

■ To support circumstantially his denial of sale to Shepherd appellant testified that he knew that Shepherd was a police officer. To corroborate this state of mind he produced Pitman and sought to prove that Pitman had told appellant that Pitman had heard that Shepherd was a police officer. The refusal of the trial court to allow this testimony was error. The applicable rule is stated in VI Wigmore on Evidence, 3d edition, section 1789, page 235:

"Whenever an utterance is offered to evidence the *state of mind* which ensued *in another person* in consequence of the utterance, it is obvious that no assertive or testimonial use is sought to be made of it, and the utterance is therefore admissible, so far as the Hearsay rule is concerned." (Emphasis the author's.)

This rule is well settled in California. (*Swan* v. *Thompson,* 124 Cal. 193, 197 [56 P. 878]; *Smith* v. *Whittier,* 95 Cal. 279, 290-294 [30 P. 529]; *Treadwell* v. *Whittier,* 80 Cal. 574, 601-602 [22 P. 266, 13 Am.St.Rep. 175, 5 L.R.A. 498]; *People* v. *King,* 140 Cal.App.2d 1, 4-5 [294 P.2d 972]; *Aitken* v. *White,* 93 Cal.App.2d 134, 145 [208 P.2d 788]; *cf. Werner* v. *State Bar,* 24 Cal.2d 611, 621 [150 P.2d 892].)

■ Appellant further argues that the cross-examination of his character witness was improper. The character witness, appellant's former employer, testified only to appellant's reputation for truth and veracity. On cross-examination, the witness was examined over objection about appellant's narcotic and petty theft convictions. The rule is that a character witness can be asked only about specific misconduct inconsistent with the trait as to which he testified on direct. (*People* v. *Tucker,* 164 Cal.App.2d 624 [331 P.2d 160]; *People* v. *Logan,* 41 Cal.2d 279 [260 P.2d 20].) The crimes inquired about are not inconsistent with truth and veracity. It was

error to permit cross-examination of appellant's character witness in this fashion. (*People* v. *Tucker, supra,* 164 Cal. App.2d 624.)

■ When the case depends on a determination of whether *one* prosecution witness or the defendant is to be believed by the jury, one error which deprives the defendant of evidence which circumstantially supports the defendant's testimony and another error which tends erroneously to impeach him cannot be said not to be prejudicial.

At the time of appellant's conviction, Health and Safety Code, section 11713, provided that punishment for sale of narcotics carried a longer minimum term of imprisonment if a prior conviction "of any offense described in this division" were charged and found true or admitted. After filing of the indictment, but before plea, it was amended by the district attorney to allege appellant's prior conviction of violation of Health and Safety Code, section 11721, which, although a misdemeanor, is an offense described in the same division of that code which contains section 11713. Appellant contends that this addition to the indictment could be made only by resubmission to the grand jury. He argues that Penal Code, section 969a permits amendment only to charge additional prior felonies. We need not determine the validity of this contention. ■ A prior conviction is not a part of the offense charged, but serves only to aid ascertainment of the proper term of punishment. (*People* v. *Ashcraft,* 138 Cal. App.2d 820, 825 [292 P.2d 676].) Thus Penal Code, section 1009, permitting amendment before plea where the amendment does not change the offense charged, is applicable. ■ Further, appellant did not object to the amendment, but admitted the prior conviction. He has shown no prejudice, and he cannot raise this question for the first time on appeal. (*People* v. *Huerta,* 148 Cal.App.2d 272, 275 [306 P.2d 505].)

Judgment reversed.

Draper, J., concurred.

KAUFMAN, P. J., Dissenting.—Before this court can reverse a judgment for the improper admission or rejection of evidence, an examination of the entire cause must show that the errors complained of resulted in a miscarriage of justice. (Cal. Const., art. VI, § 4½; Code Civ. Proc., § 475.) In this case, the evidence was demonstrative of the guilt of the appellant.

I cannot say that the errors complained of deprived appellant of a fair trial.

I would affirm the judgment.

Respondent's petition for a hearing by the Supreme Court was denied March 25, 1959.