[Crim. No. 3837. First Dist., Div. One. May 16, 1961.]

THE PEOPLE, Respondent, v. THOMAS A. FINNEGAN, Appellant.

Daniel H. Dibert, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Edward P. O'Brien, Deputy Attorneys General, for Respondent.

BRAY, P. J.—Defendant appeals from a judgment of conviction, after jury verdict, of, first count, armed robbery,

second count, felon in possession of a pistol.* A prior conviction was found to be true.

## QUESTIONS PRESENTED

1. Alleged error in amending indictment to charge prior conviction.
2. Sufficiency of evidence.
3. Alleged misconduct of prosecutor.
4. Alleged error in striking testimony.

## EVIDENCE

At approximately 8:20 p. m. a man entered a doughnut shop in San Francisco, sat at the counter and ordered a cup of coffee. The counter clerk, Matson, turned to pour the coffee, and observed a gun under the man's coat. The man said, "I guess you know what this is," and motioned to the "cooler" behind Matson, stating, "Give me everything in the cooler." Matson hesitated. The man said, "You know what I mean. Get it out." Matson replied, "There is nothing in there. . . . I will open it up and show you . . ." Matson who was then at the cash register removed the money from it, handing the man a $5.00 bill and five or six $1.00 bills. The man then left.

Officer McGoran was on patrol about 2 or 2½ miles from the doughnut shop. Shortly, he received a radio call telling of the robbery and giving a description of the robber. McGoran proceeded to the northbound freeway and observed two men in a green 1958 Dodge going north. He followed the vehicle for a short while and observed that the passenger therein matched the description given him. He stopped the car and observed defendant lean forward in a crouched position and then straighten up. When McGoran opened the car door, he saw a gun on the right side of the floor of the car near defendant's feet. The gun was fully loaded. Searching both the driver, one Kocher, and defendant, he found a $5.00 bill in Kocher's vest pocket; five $1.00 bills were found on defendant. Another $1.00 bill was found on the floor of the car next to the gun.

At a lineup held the next day in which defendant was placed, Matson stated, "The man is not up there." At the trial Matson identified defendant as the robber. He explained his failure to identify defendant at the lineup by stating that the strong light trained upon suspects made their features appear different, even though at the time of trial he used a

---

*He was acquitted of two additional counts of robbery.

photograph taken of this very lineup to help him identify defendant. He also said that the voices of the men in the lineup were ''a little bit different'' than the voice of the man who robbed him. Several times during direct examination, Matson equivocated over the identity of the man who entered the shop.

Defendant admitted to Inspector Cruickshank that he had robbed the doughnut shop. He further stated that he had a gun concealed in his belt but that he had placed it on the floor under the seat when he saw the police officer approach. At the trial defendant denied committing the robbery and claimed that he admitted the crime to secure the release of Kocher.

### 1. *Amending the Indictment.*

 After arraignment and plea of not guilty to all counts of the indictment, the district attorney in open court was permitted to amend the indictment to charge a prior conviction. Defendant contends that the fact of his prior conviction was before the grand jury and that it had failed to include it in the indictment found. Therefore, he contends, the court had no jurisdiction to permit the amendment. Defendant did not object to the making of the amendment. Therefore he cannot raise the question now. Moreover, defendant's contention is well answered in *People* v. *Roberson*, 167 Cal. App.2d 429, 432 [334 P.2d 666]: ''Appellant contends that this addition to the indictment could be made only by resubmission to the grand jury. He argues that Penal Code, section 969a permits amendment only to charge additional prior felonies. We need not determine the validity of this contention. A prior conviction is not a part of the offense charged, but serves only to aid ascertainment of the proper term of punishment. (*People* v. *Ashcraft*, 138 Cal.App.2d 820, 825 [292 P.2d 676].) Thus Penal Code, section 1009, permitting amendment before plea where the amendment does not change the offense charged, is applicable. Further, appellant did not object to the amendment, but admitted the prior conviction. He has shown no prejudice, and he cannot raise this question for the first time on appeal. (*People* v. *Huerta*, 148 Cal.App.2d 272, 275 [306 P.2d 505].)''

 Section 969a and section 1009 are broad enough to permit the indictment to be amended to charge a prior conviction, even though the grand jury knew of the prior but did not charge it in the indictment.

## 2. *Sufficiency of Evidence.*

Defendant contends that the evidence is insufficient in two respects: one, that the victim voluntarily handed over the contents of the cash register and hence that the element of robbery required in section 211, Penal Code, to wit, that the money was taken against the will of the victim, by means of force or fear, was not present. Defendant's argument is specious on its face. Although the taking must be against the will of the possessor of the property, the requisite unwillingness may be evidenced not only by actual resistance but also by the fact that resistance would have been offered had it not been prevented by actual force or threat sufficient to frighten the victim into compliance. The presence of the gun and defendant's statements "Give me everything in the cooler" and after Matson did not react immediately, "You know what I mean. Get it out," show that the victim acted not of his own volition, but through fear. Although the robber referred to the "cooler," it was obvious that he was referring to whatever receptacle contained the shop's money. The handing over of the money was the natural and normal reaction on the part of one in fear of being injured if he did not placate the demand of defendant, holding a gun, to give him everything in the "cooler," which was empty.

Defendant's second claim of insufficiency is based upon Matson's failure to identify him at the lineup and Matson's equivocation as a witness. When asked if there was any doubt in his mind that defendant was the robber he replied, "Not very much doubt, no." He gave his reasons for identifying defendant. His failure to testify that there was no possible doubt in his mind as to the identification indicates that he was a conscientious and scrupulous witness.

"In order to sustain a conviction it is not necessary that the identification of the defendant as the perpetrator of the crime be made positively or in a manner free from inconsistencies. It is the function of the jury to pass upon the strength or weakness of the identification and the uncertainties of the witnesses in giving their testimony." (*People* v. *Addington,* 43 Cal.App.2d 591, 593 [111 P.2d 356].)

Furthermore, the corpus delicti of the robbery was sufficiently established by Matson's testimony as to what happened at the shop. Therefore defendant's confession was itself sufficient to connect defendant with the robbery.

Inspector Cruickshank testified to defendant's confession not only to the crime of which defendant was con-

victed but to the other two robberies of which he was acquitted. Therefore, defendant contends, the jury did not believe Inspector Cruickshank's testimony at all, leaving the identification of defendant as the robber solely to the testimony of Matson. As above stated, it was for the jury to determine the effect of Matson's testimony. The mere fact that defendant was acquitted of the other two robberies does not necessarily mean that the jury did not believe Inspector Cruickshank's testimony as to defendant's confession as to this robbery. Moreover, Inspector McLennan corroborated Inspector Cruickshank's testimony as to the latter confession.

### 3. *Action of the Prosecutor.*

On cross-examination of defendant, the district attorney asked him if he had been convicted of a felony, and if it were first degree robbery. Defendant contends that on impeachment a defendant may not be asked the nature of the conviction, citing *People* v. *Darcy,* 101 Cal.App.2d 665, 671 [226 P.2d 53], where in addition to the judgments in his prior convictions a mass of material such as his prison record, photographs of him bearing his prison number, etc., were admitted in evidence. The court there held that these additional matters were not admissible. The case does not support defendant's contention here that the nature of the prior crime is not admissible. The rule is that a defendant may be impeached by showing not only the existence of a prior felony conviction, but also the nature of such conviction although the details and circumstances comprising the prior offense are not a proper subject of inquiry. (*People* v. *David,* 12 Cal.2d 639, 646 [86 P.2d 811].) There was no error here.

Nor was there any in the fact that the district attorney commented upon the conviction in his argument. It was legitimate argument. In his argument the district attorney stated that Matson had testified that there was no doubt in his mind that defendant was the man who held him up. While this statement was not correct, the district attorney's statements in the main concerning Matson's testimony were correct. The court instructed the jury that the statements and argument of counsel were not evidence, and if contrary to the evidence, must be disregarded.

No objection was made to the district attorney's cross-examination nor to any of his argument. It is too late to object now. (*People* v. *Ross,* 120 Cal.App.2d 882 [262 P.2d 343].)

#### 4. *Stricken Testimony.*

On direct examination, defendant was asked by his attorney what he remembered about the night he was arrested. He stated that while in the police station, an announcement of a robbery in progress came over the radio, giving a description of the robber, which description could have fitted defendant, whereupon the booking sergeant remarked that it was fortunate that defendant was in custody or he "would be charged with that one, too." On objection by the district attorney the answer was stricken. Defendant contends that this remark should have been considered by the jury on the theory that in some way the remark of the sergeant indicates that defendant is the victim of mistaken identity. There is no basis for this contention. The court properly struck out this immaterial and irrelevant matter.

Judgment affirmed.

Tobriner, J., and Duniway, J., concurred.