[Crim. No. 11513. Second Dist., Div. Four. Nov. 16, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD JOSEPH GARN, Defendant and Appellant.

Glory D. Coffey, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Howard J. Bechefsky, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with a violation of section 288 of the Penal Code (lewd and lascivious acts on the body of a child). He was tried and convicted. That judgment was reversed by this court, in an unpublished opinion (Court of Appeal, Second District, Civ. No. 9730, March 11, 1965), because of the improper admission of statements obtained by the police in violation of the rules laid down in *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. The case was retried before a jury, resulting in a conviction. By stipulation, an alleged prior conviction was sub-

mitted to the court and the court found the allegation to be true. Probation was denied and a state prison sentence was imposed. Defendant has appealed.

I

It is not contended that the evidence was insufficient to support the verdict. The grounds here urged are:

(1) Defendant was denied a fair trial because the case was heard before the same judge as the one who had presided at the first trial and that judge, then, had displayed bias against defendant;

(2) Defendant was denied effective representation by counsel, in that his trial counsel (a deputy public defender) did not subpoena three witnesses whom defendant desired to have testify. Neither contention has merit.

█ The first contention is not properly before us, since no objection to the assignment of the trial judge was made; not having been made at the time and in the manner required by statute, the point is now barred. (Code Civ. Proc., § 170.)

█ We are not told what witnesses defendant desired, nor what testimony they might have given. Nor was the omission called to the attention of the trial court. Under these circumstances, we have no basis for considering the point. Except in the most extreme instances, the tactical decision of trial counsel to call, or not to call, any particular witness is not reviewable in an appellate court (*People* v. *Brooks* (1966) 64 Cal.2d 130, 139-140 [48 Cal.Rptr. 879, 410 P.2d 383]). Certainly it cannot be reviewed without more than the mere allegation with which we are here faced.

It follows that there was no error in the finding of guilt.

II

However, we are faced with a difficult procedural problem.

When defendant was arraigned for sentence, the following proceedings took place:

"THE COURT: Richard Garn.

"MR. POWELL: Yes, your Honor.

"THE COURT: Is that your true name?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you waive further arraignment for judgment and sentence?

"MR. POWELL: Yes, I do, your Honor. I have a brief comment to make.

"THE COURT: Yes, sir.

"MR. POWELL: Your Honor, as you know, having tried this matter before a jury; with a jury, I should say, the defendant was convicted of Section; violation of Section 288 of the Penal Code on a retrial after a successful appeal.

"The defendant has been in State Prison for about a year, waiting this appeal, and has been in custody a total of about a year and a half all told. The previous file; the file on the previous case reflects—the file of the previous trial, I should say, reflects that several doctors were appointed to examine the defendant with reference to his then possible sexual psychopathy and it was found that he was—or was not a mentally disordered sex offender, as the terminology was at the time and they determined, although he was in their opinion a mentally disordered sex offender, he was not amenable to treatment in view of his then and present abject denial of guilt. They felt in view of his resistance to any knowledge of wrongful conduct that no amount of treatment in a hospital setting would be of any avail.

"The Probation officer which [sic] filed the report this date has concluded that the defendant is of the same frame of mind after the conclusion of this trial as he was at the conclusion of the other. Namely, that he is being framed. That he was not guilty of the offense and does not have any problem in the sexual sphere. Therefore, I think it is quite clear to re-examine him now would be a futile gesture for all concerned. He does not want to be re-examined and he waives any right or privilege thereunder.

"Is that right, Mr. Garn?

"THE DEFENDANT: That's correct.

"MR. POWELL: You don't want to be examined by any more doctors?

"THE DEFENDANT: That's correct.

"MR. POWELL: And under the circumstances, in view of the clear record that the defendant is still of the mind that he is not involved, I feel that the Court could at this time impose sentence relying on the record as it is at this time.

"THE COURT: All right.

"Probation is denied.

"Defendant is sentenced to State Prison for the term prescribed by law and remanded to the custody of the Sheriff for transportation to the Department of Corrections and Vacaville is recommended."

▪ The victim in the present case was 11 years of age.

Subdivision (c) of section 5501 of the Welfare and Institutions Code provides:

"When a person is convicted of a sex offense involving a child under 14 years of age and it is a felony, the court *shall* adjourn the proceeding or suspend the sentence, as the case may be, and shall certify the person for hearing and examination by the superior court of the county to determine whether the person is a mentally disordered sex offender within the meaning of this chapter." (Italics added.)

We can see nothing in this section which authorized the waiver herein attempted. While no case which we have found has held directly that the provisions of section 5501 are not waivable,[1] we think that the basic purpose of the statute requires a holding that neither defendant nor prosecutor can waive a provision stated in the mandatory terms of subdivision (c). In *People* v. *McCracken* (1952) 39 Cal.2d 336, 346 [246 P.2d 913], the Supreme Court said: "It is obvious therefore that the primary purpose of the Legislature was to protect society against the activities of sexual psychopaths [citation], and that it was not intended to make sexual psychopathy a mitigating circumstance." To the same effect is the discussion of the intent and purpose of the statute in 43 Cal.L.Rev. 766.[2] ■ Since the act exists for the protection of society, it follows that its processes must be followed, whether or not a defendant desires to submit.[3]

■ The Attorney General argues that the issue above discussed is not material in the context of the case at bench. In 1965, by an urgency act effective on May 25, 1965 (about six

---

[1]In *People* v. *Raquel* (1954) 125 Cal.App.2d 384 [270 P.2d 528], and in *People* v. *Hector* (1951) 104 Cal.App.2d 392 [231 P.2d 916], defendant had requested the institution of proceedings under section 5501 et seq. The language in those cases that compliance with the section was "mandatory" must, of course, be read in the context of the procedural situation therein, and, directly, means no more than that court and prosecutor may not waive the act over defendant's objection.

*People* v. *Wells* (1952) 112 Cal.App.2d 672 [246 P.2d 1023] is also not in point. There defendant had been treated under the act, had been returned to court and placed on probation. When he committed a new sex offense, probation was revoked and a prison sentence imposed. The court held that the act was not applicable to the revocation proceedings, but said that it would have been applicable to a new prosecution for the latter offense.

[2]*The Sexual Psychopath Act In Practice: A Critical Discussion* (1955) 43 Cal.L.Rev. 766; and consult *Sane Laws For Sexual Psychopaths* (1949) 1 Stan.L.Rev. 487, 494.

[3]In fact, the result may seem to a defendant less desirable than a fixed prison term, followed by a release without cure and an opportunity to again indulge in his deviate practices.

weeks before trial herein), the Legislature had added section 5500.5 to the Welfare and Institutions Code, to provide that persons ineligible for probation were not subject to the Mentally Disordered Sex Offender Act. The Attorney General points out that, under section 1203 of the Penal Code as that section read at the time of trial herein, a defendant was not eligible for probation where he was convicted of a violation of section 288 of the Penal Code with a prior felony conviction, and he argues that that was the situation here.

The record shows that the prior conviction (without which defendant admittedly was eligible for probation) was the result of a plea of guilty entered in a Nevada court to a charge of child molestation. The issue of the prior was raised by defense counsel at the inception of the present trial and before a jury was selected. Trial by jury on the issue of the prior was expressly waived. Defense counsel, relying on the decision in *United States* ex rel. *Durocher* v. *LaVallee* (2d Cir. 1964) 330 F.2d 303, urged that that conviction could not be relied on because defendant was not then represented by counsel and had not intelligently waived the right to counsel. The People introduced a certified copy of Nevada records, showing the fact of defendant's arraignment, plea, sentence and subsequent incarceration. Defendant then testified that he had not been represented by counsel, that he was not advised of his right to counsel, and that he had not knowingly waived counsel. This testimony was not contradicted. The trial court ignored the issue so raised, and also ignored a suggestion by the prosecution that it be allowed time to check the Nevada statutes.[4] The court asked a series of questions of defendant, none directed to the issue of representation but directed only to establishing the fact that defendant was the person involved in the Nevada proceeding (a fact never actually in issue). The court then announced: ''Well, there is nothing in the record to indicate that this prior is not good legally, at this time.''

The matter was submitted, and the court found the prior to be good. After that finding had been made, counsel for defendant said: ''Your Honor, may we at this time, outside of the hearing of the jury, admit the prior so that the jury will not be informed of the prior?

---

[4] ''MR. TANENBAUM: Your Honor, the People would ask the Court to defer decision in this matter until the People have the opportunity to check the Nevada statutes, particularly the felony statutes, to determine if they are similar in California, and if such is the case, ask the Court to take judicial notice of those requirements, and maybe call the defendant back on the stand for further cross examination.''

"I might indicate that I do not wish to waive any argument with respect to the applicability of *Durocher* vs. *LaValley,* [*sic*] but I think it is incumbent upon me to recommend to the defendant that he admit the prior outside the hearing of the jury."

The procedure followed was unnecessarily confused. Defendant had denied the prior when he was first arraigned. Once the prior had been found true, the jury would not have been told of it unless defendant should elect to take the stand. Hence the "admission" was unnecessary to accomplish the purpose announced by defense counsel.

However, the case was tried long prior to the decisions in *In re Woods* (1966) 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913]; *In re Luce* (1966) 64 Cal.2d 11 [48 Cal.Rptr. 694, 409 P.2d 918]; and *In re Tucker* (1966) 64 Cal.2d 15 [48 Cal. Rptr. 697, 409 P.2d 921], in which the Supreme Court followed the *LaVallee* case and held that the question of an intelligent waiver is a matter which may be raised in connection with the allegation of a prior conviction. We think it clear that the issue was not considered by the trial court in this case and that neither the formal finding that the prior was "true" nor the formal "admission" bars defendant from now raising the point reserved by his counsel in the trial court. With commendable frankness, the Attorney General so concedes, and we agree with his conclusion that "out of fairness to the trial court and the People" we should follow the procedure set forth in *People* v. *Ebner* (1966) 64 Cal.2d 297 [49 Cal.Rptr. 690, 411 P.2d 578], and "return the case to the trial court for hearing and findings on the factual issue" whether appellant was deprived of his right to counsel in Nevada.

Since the only errors occurred in connection with the finding on the prior and in the sentencing, there is no need to retry the issue of guilt.

The judgment is vacated; the case is remanded to the trial court for a hearing and finding on the issue of the validity of the alleged prior conviction and, if that issue be determined in favor of defendant, for appropriate proceedings under the Mentally Disordered Sex Offender Act.

Files, P. J., and Jefferson, J., concurred.