Opinion
 

 JANES, J.
 

 Defendant appeals from judgment entered upon a jury verdict finding him guilty of aiding and abetting, with the use of force
 
 *905
 
 and violence, the commission of a rape (Pen. Code, §§ 261, subd. 3, and 264.1).
 
 [1]
 
 ,
 
 [2]
 

 The evidence produced by the People showed that defendant and his companion, Lawrence Williams, approached the victim as she was sitting beside a stream running through Bidwell Park in Chico. Behind her was a steep dirt embankment; After some casual conversation, the victim sought to leave. Defendant stood four to five inches from her on one side and his companion the same distance on the other, thus effectively preventing her departure from the area. Williams made sexual advances which the victim resisted. She was ordered by Williams to “take off [her] clothes” but did not comply. Williams forcibly removed her halter top; both men fondled her breasts, repeatedly warning her to remain quiet.
 

 Williams and defendant, over the victim’s resistance, forcibly removed the rest of her clothing. She remained on her feet continuing to resist their advances, until Williams threatened to punch her in the mouth and to remove her to a more remote part of the park. At that point the victim stopped resisting and Williams achieved sexual penetration. The victim recalled defendant holding her arm while Williams was assaulting her. While Williams was engaged in the act of intercourse, two men approached the area. The victim screamed for help, frightening Williams off and away. Defendant confronted the two men, gave them a false explanation of the situation, and then fled with Williams when the victim told the men she knew neither of her two assailants. The two strangers assisting the victim testified she was shaky, nervous, confused and upset. The two also testified that defendant appeared to be pulling up and zipping his pants as he approached them.
 

 Defendant was arrested the same day, and at that time told the arresting officer, “They say I raped someone, but all I did was watch a friend do it.”
 

 
 *906
 
 Defendant testified in his own behalf, denied that he had touched the victim, and further denied that the victim had offered any resistance to Williams’ advances.
 

 I
 

 Defendant’s challenge to the sufficiency of evidence supporting the judgment is without merit.
 

 The well-established test for review, upon such claim, is whether there is substantial evidence to support the conclusion of the trier of facts, not whether the evidence proves guilt beyond a reasonable doubt.
 
 (People
 
 v.
 
 Reyes
 
 (1974) 12 Cal.3d 486, 497 [116 Cal.Rptr. 217, 526 P.2d 225].) Viewing the record in the light most favorable to the respondent, as we are bound to do following a conviction
 
 (People
 
 v.
 
 Vann
 
 (1974) 12 Cal.3d 220, 225 [115 Cal.Rptr. 352, 524 P.2d 824]), we find substantial evidence to support the jury’s determination that defendant aided and abetted Williams in commission of the rape, and further, that force and violence were used.
 

 When defendant and Williams approached the victim, they stood within four or five inches of her, one on either side, thus effectively preventing her departure from the area. After Williams untied her halter, both men fondled her bare breasts and both forcibly removed her pants. The victim recalled defendant holding her arm while Williams was committing the act of rape. Defendant did not leave until he and Williams were frightened by the approach of two men and by the screams of the victim calling attention to her plight. He falsely explained the situation to these two men, and then fled with Williams when the victim contradicted him. Under these circumstances, the jury could reasonably conclude that defendant aided Williams in the perpetration of the rape and in doing so used force and violence.
 

 II
 

 Defendant contends the jury’s determination that he aided and abetted commission of rape was insufficient to justify imposition of the punishment provided by section 264.1, absent an express finding that he was acting in concert with Williams. The contention is meritless. Aiding and abetting need not in every case be synonymous with “acting in concert.” However, on the facts of this case, as to defendant’s participation in the rape, the terms may be so viewed.
 
 (People
 
 v.
 
 Calimee
 
 (1975)
 
 *907
 
 49 Cal.App.3d 337, 340-341 [122 Cal.Rptr. 658].) The jury did find expressly that defendant was guilty of aiding and abetting an act of rape; therefore the element of multiple parties acting in concert is present.
 
 (People
 
 v.
 
 Calimee,
 
 supra.)
 

 III
 

 Finally, defendant contends it was reversible error to give an instruction defining the “force and violence” element of Penal Code section 264.1, to mean any wrongful application of physical force against the person of another and that the slightest unlawful touching, if done in an insolent, rude, or an angry manner, would be sufficient. Defendant contends that such an instruction incorrectly defines force and violence when used in the context of a forcible rape. The amount of force required for a conviction of forcible rape (Pen. Code, § 261, subd. 2) is that amount of physical force required in the circumstances to overcome the victim’s resistance.
 
 (People
 
 v.
 
 Peckham
 
 (1965) 232 Cal.App.2d 163, 168 [42 Cal.Rptr. 673];
 
 People
 
 v.
 
 McIlvain
 
 (1942) 55 Cal.App.2d 322, 331 [130 P.2d 131].) Defendant’s contention ignores, however, the fact that he was accused of, and found guilty of aiding and abetting, with force and violence, a rape accomplished through threat of harm (§ 261, subd, 3) rather than by force (§ 261, subd. 2). Section 264.1, in the same manner as former sections 286.1 and 288b, provides increased penalties for those who participate in gang-type sexual assaults, and who use force and violence to such purpose. Nothing in the language of section 264.1 or its legislative histoiy supports the conclusion inherent in defendant’s argument that the enhanced punishment was to apply only in cases of forcible rape within the meaning of section 261, subdivision 2. We are persuaded, instead, to the alternative conclusion that the statute was designed to discourage gang sexual assaults where any unlawful force is used.
 

 Further, even if the instruction given was erroneous, no reversible error occurred. Under the circumstances presented, we cannot conclude that there is a substantial probability that a jury which had been given the definition of force as used in the context of forcible rape would have come to a contrary conclusion. It follows that any error which might have occurred was not prejudicial and did not result in a miscarriage of justice. (Cal. Const., art. VI, § 13;
 
 People
 
 v.
 
 Rincon-Pineda
 
 (1975) 14 Cal.3d 864, 873 [123 Cal.Rptr. 119, 538 P.2d 247].)
 

 
 *908
 
 The abstract of judgment fails to include express reference to section 264.1. The trial court is directed to prepare and file a corrected abstract of judgment reflecting defendant’s conviction by jury of the crime of aiding and abetting, with force and violence, rape in violation of section 261, subdivision 3, within the meaning of section 264.1, and to furnish a certified copy of the corrected abstract of judgment to the Department of Corrections.
 

 The judgment is affirmed.
 

 Regan, Acting P. J., and Evans, J., concurred.
 

 A petition for a rehearing was denied July 26, 1977, and appellant’s petition for a hearing by the Supreme Court was denied September 15, 1977.
 

 [1]
 

 Penal Code section 261, subdivision 3, defines as rape sexual intercourse with one not the wife of the perpetrator under the following circumstance: “Where she is prevented from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution, or by any intoxicating narcotic, or anaesthetic, substance, administered by or with the privity of the accused.”
 

 Penal Code section 264.1 provides: “The provisions of Section 264 notwithstanding, in any case in which defendant, voluntarily acting in concert with another person, by force or violence and against the will of the victim, committed the rape, either personally or by aiding and abetting such other person, such fact shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial, or if admitted by the defendant, defendant shall suffer confinement in the state prison from five years to life.”
 

 [2]
 

 All statutory references are to the Penal Code.