82 Cal.App.3d 543 (1978)
147 Cal. Rptr. 275
THE PEOPLE, Plaintiff and Respondent,
v.
JOE IGNACIO REEDER, Defendant and Appellant.
Docket No. 31364.
Court of Appeals of California, Second District, Division Four.
July 5, 1978.
*546 COUNSEL
Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.
Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.
*547 OPINION
JEFFERSON (Bernard), J.
Defendant Reeder appeals from a judgment convicting him of the sale of heroin. In a four-count information, a codefendant, Contreras, individually was charged in count I with the felony of selling cocaine in violation of Health and Safety Code section 11352, subdivision (a). In count II, Contreras was charged individually with the felony of selling heroin in violation of Health and Safety Code section 11352, subdivision (a). In count III, Contreras was also charged individually with the felony of possessing heroin for purposes of sale on a date different from that of the sale charged in count II, in violation of Health and Safety Code section 11351, subdivision (a). In count III, it was also alleged that the amount of heroin possessed for purpose of sale was a minimum of one-half ounce within the meaning of Penal Code section 1203.07.
In count IV of the information, it was charged that defendant and Contreras had committed the felony of selling heroin in violation of section 11352, subdivision (a). Count IV also alleged that the amount of heroin involved in that count was one-half ounce or greater within the meaning of Penal Code section 1203.07.
Defendant and codefendant Contreras were tried jointly in a jury trial. Defendant was found guilty as charged in count IV and the amount of heroin was found to be one-half ounce or more.[1] Defendant's motion for a new trial was denied. Probation was denied and defendant was sentenced to state prison for the term prescribed by law.

I

The Factual Background
The prosecution's evidence was essentially as follows: Fred Cineceros was arrested on a charge of possession of marijuana for sale and agreed to assist the police in the role of an informant. Cineceros was introduced to Contreras and sought to make a purchase of cocaine and heroin from him. Subsequently, Cineceros and Contreras met at a bar. While at the bar, defendant came in and Contreras introduced defendant to Cineceros.
*548 Contreras and defendant left Cineceros at the bar and drove in defendant's car to a street location some three miles from the bar. Contreras and defendant were under police surveillance. Defendant got out of the car and talked with a man in a red pickup truck nearby. Defendant then reentered his car and he and Contreras drove to another nearby location. The red pickup truck drove by and defendant drove his car and followed the pickup truck for about a block and parked behind it. The driver of the pickup truck got out and walked to the rear of the truck. There defendant met him after exiting his car.
The pickup truck driver handed defendant an object about two to three inches long. Defendant then reentered his car, drove to another location where he dropped off Contreras. Defendant then drove back to the bar where Cineceros had been left. Cineceros and defendant left the bar together. Defendant drove his car back to the location where he had dropped off Contreras, and parked. Cineceros followed in his own car and parked nearby.
Defendant got out of his car, went over to Cineceros, then walked around the corner and came back to Cineceros' car with Contreras. Contreras reached under his belt or shirt, pulled out a paper bag, reached into the Cineceros car and handed the bag to Cineceros. The police then came upon the scene and placed Contreras and defendant under arrest. The substance in the paper bag was determined to be heroin.
Defendant and Contreras each testified in his own defense. Defendant's defense was that he never had any dealings with narcotics. He testified that he had met Contreras approximately two years earlier. He admitted going to the bar where he saw Contreras; that his purpose was to try to get from Contreras $200 which was owed to him; that while in the bar Contreras introduced him to Cineceros.
Defendant stated that he agreed to take Contreras to a location where Contreras said he would pay him the $200 debt. The location was near where the pickup truck was parked. Defendant went over and talked with Miguel Fierro who was sitting in the pickup truck. Contreras had previously introduced Fierro to defendant as a friend and partner.
Defendant talked to Fierro in an effort to get the money which Contreras owed him. Fierro said that he would give defendant the $200 owed by Contreras but that it would be about three blocks away and that defendant should follow him. Defendant did this. After they stopped, *549 Contreras got out and talked with Fierro. Fierro gave Contreras a package which Contreras put under his shirt or jacket. Fierro also gave defendant $80. Defendant then drove Contreras to a location the latter desired and dropped him off. Contreras requested defendant to go to the bar and send Cineceros back to this location.
Defendant then drove back to the bar and Cineceros asked him to show him the way back to where he could find Contreras. Defendant agreed and drove his car back to the Contreras location with Cineceros following in the latter's car. When they arrived at the Contreras location, defendant got out of his car, found Contreras and told him that Cineceros was there. Contreras asked defendant to wait and drive him home. Defendant saw Contreras reach into his waistband and hand something to Cineceros. Thereafter, defendant was arrested.
Defendant advances three contentions on this appeal: First, that the trial court committed reversible error in excluding evidence offered by defendant of certain reported past acts of misconduct on the part of codefendant Contreras. Second, that the trial court committed reversible error in trying defendant and Contreras in a joint trial. Third, that defendant received inadequate representation by trial counsel because of such counsel's failure to move for a separate trial.

II

The Exclusion of Defendant's Proffered Evidence Regarding Reports of Past Acts of Misconduct Committed by Codefendant Contreras
Codefendant Contreras testified and corroborated much of the testimony of the police officers. But Contreras contradicted the testimony of Cineceros that it was Contreras who took the bag of heroin from his waist area and gave it to Cineceros. Contreras also testified that, on two separate days before the alleged heroin transaction with Cineceros, defendant gave him a sample of cocaine and a sample of heroin.
Defendant sought to elicit on direct and cross-examination of several witnesses, and proposed calling witnesses, to establish that within one and one-half years before trial, Contreras had become indebted to defendant in the sum of $200 and had refused to repay this sum; that Contreras had caused one of the members of defendant's household, his stepdaughter *550 Isella, to contract tuberculosis, and had attempted to introduce her to the use of heroin; that Contreras had caused defendant's nephew to use heroin and had caused such relative to almost die of an overdose.
Defendant asserted below and, on this appeal, that the proffered evidence, which was precluded by the trial court, was relevant in that one reasonable inference to be drawn from such evidence was that defendant disliked Contreras to an extent that defendant would not have engaged in narcotic dealings with Contreras by furnishing him samples of cocaine and heroin, and then providing the heroin for Cineceros at the instigation of Contreras.
The trial court excluded the proffered evidence on four grounds: (1) that part of the evidence as to the acts of Contreras was evidence of hearsay statements of declarants who related to defendant that Contreras had committed certain of the acts charged by defendant; (2) that the evidence was of doubtful relevancy; (3) that the probative value of the evidence in defendant's favor was outweighed by the substantial prejudice to codefendant Contreras; and (4) that the proffered evidence of specific acts of conduct by Contreras was made inadmissible by Evidence Code section 1101, subdivision (a), which prohibits character-trait evidence in the form of specific instances of conduct by an actor to prove that he acted in conformity with his character trait and committed the specific crime in question  here that Contreras made the sale of heroin to Cineceros.
(1) We conclude that the trial court's ruling in excluding the proffered evidence constituted prejudicial error.
The hearsay and the lack-of-relevancy grounds of the ruling were erroneous because defendant was not offering evidence of the statements of declarants to prove their truth as to acts committed by Contreras. The nonhearsay relevancy of evidence of statements made by declarants to defendant, setting forth acts of misconduct committed by Contreras, is sound and valid on the nonhearsay theory urged by defendant. Whether the hearsay statements of the declarants were true or not, defendant had the right to believe that such statements were true. From the state-of-mind fact of such belief there may be inferred another state-of-mind fact  that defendant developed a dislike of codefendant Contreras, and that, from this mental fact of dislike, it is reasonable to make an inference that defendant acted in conformity with such dislike and did not furnish the samples of cocaine and heroin to Contreras and did not, at the instigation of Contreras, sell heroin to Cineceros.
*551 Similar to the case at bench in recognizing a relevant nonhearsay use of a declarant's statements in support of a defendant's defense are People v. Roberson (1959) 167 Cal. App.2d 429, 432 [334 P.2d 666], and People v. Duran (1976) 16 Cal.3d 282 [127 Cal. Rptr. 618, 545 P.2d 1322]. In Duran, a defendant offered evidence of hearsay statements of warnings given to him which he asserted was the reason he fled from the scene of a stabbing to rebut the prosecution's claim that he fled out of a consciousness of guilt. The Duran court remarked: "It was error, accordingly, to reject on hearsay grounds defendant's offer of the warnings in an attempt to lend credibility to his stated reasons for fleeing the scene of the stabbing." (Id., at p. 295.) Roberson represents an even closer parallel of nonhearsay relevancy to the case at bench. In Roberson, defendant was charged with selling narcotics to an undercover police officer. Defendant denied making the sale. Defendant offered evidence that a declarant had told him before the date of the sale that the alleged buyer was a police officer. The court held that it was error to exclude the proffered evidence as hearsay, as the ruling deprived "the defendant of evidence which circumstantially supports the defendant's testimony." (Roberson, supra, 167 Cal. App.2d 429, 432.)
This same theory of relevancy applies equally to those portions of the proffered evidence which were not matters reported to defendant by hearsay declarants but which were observed by defendant. The proffered evidence sought to prove defendant's state of mind of dislike of Contreras  a fact from which the jury could rationally conclude that defendant conducted himself in conformity with his state of mind of dislike of Contreras, and did not deal with Contreras and commit the crime charged against defendant.
In People v. Hernandez (1977) 70 Cal. App.3d 271 [138 Cal. Rptr. 675], a defendant was charged with possession of heroin. The defendant was alleged to have thrown to the ground an object containing heroin. Besides denying the throwing of an object, defendant sought to introduce evidence that he was present at the location for a legal purpose to confer with residents of a methadone center about a petition he was circulating, contrary to the prosecution's theory that he was present to sell heroin to these residents. The Hernandez court held that it was prejudicial error for the trial court to exclude the proffered evidence about the petition because "[i]nformation that the subject matter of the petition was a grievance of direct and exclusive concern to the patients at the methadone center would have had an inestimable effect on the credibility of the *552 defense." (Hernandez, supra, 70 Cal. App.3d 271, 279; italics added; fn. omitted.)
In urging that defendant's proffered evidence was inadmissible because it was irrelevant, or, if relevant, properly excluded, pursuant to Evidence Code section 352, the Attorney General relies on the case of People v. Whitney (1978) 76 Cal. App.3d 863 [143 Cal. Rptr. 301], in which the defendant offered evidence to establish that a third person could have been the perpetrator of the offense charged against the defendant. The Whitney court held that the proffered evidence was properly excluded by the trial court.
It was recognized in Whitney, however, that "[i]n criminal cases, any evidence that tends to support or rebut the presumption of innocence is relevant." (Id., at p. 869.) This same principle was set forth in persuasive language in People v. Mizer (1961) 195 Cal. App.2d 261, 269 [15 Cal. Rptr. 272]: "[I]t is fundamental in our system of jurisprudence that all of a defendant's pertinent evidence should be considered by the trier of fact."
The Whitney court justified the exclusion of defendant's proffered evidence on the ground that it was a proper application of Evidence Code section 352. Thus, the court stated: "Evidence Code section 352 vests the trial court with discretion to exclude evidence if its probative value is outweighed by the probability that its submission would `create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury.' In a criminal case, evidence which simply affords a possible ground of suspicion against a third person is generally excluded as unduly prejudicial. `[T]he prosecution as well as the defendant is entitled to the protection of the court from prejudicial evidence.'" (Whitney, supra, 76 Cal. App.3d 863, 869-870.) (Italics added.)
(2) But this statement from Whitney, setting forth a rule of exclusion of a defendant's proffered evidence, must be considered in the light of the more fundamental principle that a defendant's due process right to a fair trial requires that evidence, the probative value of which is stronger than the slight-relevancy category and which tends to establish a defendant's innocence, cannot be excluded on the theory that such evidence is prejudicial to the prosecution.
The evidence offered by the defendant in Whitney should have been held by that court to have been properly excluded on the ground of irrelevancy  that it was simply too speculative to be considered relevant.
*553 But even so, the factual situation in Whitney precludes that case from being considered as authority for holding that Evidence Code section 352 authorizes a trial court to exclude evidence that has more than slight probative value to a criminal defendant's defense on the ground that it creates a danger of undue prejudice to the prosecution. (3) Evidence Code section 352 must bow to the due process right of a defendant to a fair trial and to his right to present all relevant evidence of significant probative value to his defense. In Chambers v. Mississippi (1973) 410 U.S. 284 [35 L.Ed.2d 297, 93 S.Ct. 1038], it was held that the exclusion of evidence, vital to a defendant's defense, constituted a denial of a fair trial in violation of constitutional due-process requirements.
We do not mean to imply, however, that a defendant has a constitutional right to present all relevant evidence in his favor, no matter how limited in probative value such evidence will be so as to preclude the trial court from using Evidence Code section 352.
(4) It is to be noted in the case at bench that the excluded evidence proffered by defendant was asserted to be unduly prejudicial to codefendant Contreras  not to the prosecution. The Attorney General correctly points out that the application of Evidence Code section 352 is not limited by its terms to a dispute between plaintiff and defendant but may become applicable between parties on the same side of an action when their interests are adverse to each other. Unquestionably, therefore, in the case at bench, if the jury were to use the proffered evidence for its truth, it would tend to prove that Contreras possessed a character trait or propensity for selling and furnishing heroin to others, and that, in conformity with his propensity or character trait, he committed the crime charged of selling heroin to Cineceros on the occasion in question. Such use of the proffered evidence of the specific instances of acts by Contreras would run afoul of the proscription set forth in Evidence Code section 1101, subdivision (a), that "evidence of a person's character or a trait of his character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his conduct) is inadmissible when offered to prove his conduct on a specified occasion," with certain exceptions admittedly not applicable here.
In the case at bench, we thus have a situation in which evidence, proffered by defendant, is of significant probative value to defendant's defense but does carry a danger of substantial prejudice to the codefendant Contreras. Is this a situation in which the trial court is justified in exercising a discretion under Evidence Code section 352 to exclude *554 evidence of significant value to defendant because of the danger of substantial prejudice to a codefendant? We think not. The trial court has before it another alternative which we shall discuss in the next part of this opinion.
We now deal briefly with the Attorney General's contention that, in light of certain evidence which had been presented in the instant case, there was no prejudice to defendant in the exclusion of his proffered evidence. Contreras testified that defendant had beaten him up after they had been arrested and were in jail. It was also brought out that, at the time of trial, defendant and codefendant Contreras were not on friendly terms. But this evidence does not lead to the inferences sought from defendant's proffered evidence  that for a substantial period of time prior to the prosecution's evidence of the use of the informer, Cineceros, defendant had heard of some acts, and had personal knowledge of other acts of Contreras, directed against several family members of defendant, thereby causing defendant to develop such a dislike for Contreras that defendant would not have engaged in a narcotics transaction with Cineceros at the request of codefendant Contreras.

III

The Problem Encountered by the Joint Trial of Defendant Reeder and Codefendant Contreras
Defendant contends that it was error for the trial court to conduct a joint trial involving defendant Reeder and codefendant Contreras. We consider this contention in the context of the problem created by defendant's proffered evidence in his behalf and the trial court's ruling excluding such evidence.
Penal Code section 1098 provides, in pertinent part for our purposes, that "[w]hen two or more defendants are jointly charged with any public offense, whether felony or misdemeanor, they must be tried jointly, unless the court orders separate trials." In People v. Aranda (1965) 63 Cal.2d 518, 530, footnote 9 [47 Cal. Rptr. 353, 407 P.2d 265], the court points out that the various practical reasons which underlie the basic premise of Penal Code section 1098 "must be subordinated when they *555 run counter to the need to insure fair trials and to protect fundamental constitutional rights."
The adversary interests of defendant and codefendant Contreras in the case at bench stand out with such bold luminosity that the principle set forth in People v. Floyd (1970) 1 Cal.3d 694, 720 [83 Cal. Rptr. 608, 464 P.2d 64], cannot be escaped: "To hold that the interests of codefendants in a joint trial ... are identical is to defy reality. Frequently, as in the instant case, one defendant attempts to show that he is less, or his codefendant more, blameworthy...."
(5) In the case at bench, when defendant proffered evidence in his defense that created a risk of prejudice to codefendant Contreras, it was error for the court to continue the joint trial and exclude defendant's proffered evidence  thus denying to defendant his right to have admitted, in his behalf, evidence of significant probative value to support his defense of innocence. Even though such evidence presented a danger of prejudice to codefendant Contreras by the jury's possible misuse of such evidence, this is not a ground for excluding such evidence. Such a situation is contemplated by Evidence Code section 355 which provides: "When evidence is admissible as to one party or for one purpose and is inadmissible as to another party or for another purpose, the court upon request shall restrict the evidence to its proper scope and instruct the jury accordingly."
The case at bench, therefore, does not present the usual Aranda problem in a joint trial of a codefendant's hearsay statement that implicates defendant. Here, defendant's proffered evidence concerns alleged misconduct and reports of alleged misconduct of the codefendant toward defendant's family members  providing defendant with information, whether true or false, which tends to negate defendant's guilt of the charged offense. It was the codefendant Contreras who was endangered by defendant's proffered evidence and who was entitled to the protection offered by Evidence Code section 355 of requesting an instruction limiting the use of defendant's evidence to its relevant admissible purpose. It was up to codefendant Contreras to move for a mistrial and a separate trial if he felt the danger of prejudice to him could not be alleviated or eliminated by a limiting instruction  that the jury would misuse the evidence and determine that Contreras had a bad character or a propensity for narcotic violations which would lead to the inference that he committed the offenses charged against him.

*556 IV

Failure of Defendant's Trial Counsel to Move for a Separate Trial Does Not Create Any Denial to Defendant of His Right to Effective Representation of Counsel
(6) Defendant asserts on this appeal that the failure of his trial counsel to move for a separate trial constitutes a denial to defendant of his constitutional right to effective representation of counsel. The contention is nonmeritorious. Defendant relies upon the principle set forth in People v. Ibarra (1963) 60 Cal.2d 460, 464 [34 Cal. Rptr. 863, 386 P.2d 487], that if a failure by defendant's attorney "results in withdrawing a crucial defense from the case, the defendant has not had the assistance to which he is entitled." But this principle is not applicable to the case at bench. Trial counsel for defendant proffered the defense evidence. The trial court simply committed prejudicial error in excluding the evidence even though one of the grounds for doing so was the danger of undue prejudice to codefendant Contreras.
The trial court's ruling was not predicated entirely on the fact that it was necessitated by the trial being a joint trial of defendant and codefendant Contreras. Under the circumstances presented in the case at bench, the decision of defendant's trial counsel not to seek a separate trial falls within the category of trial tactics  a decision outside the ambit of those constituting ineffective representation of counsel. (See People v. Monk (1961) 56 Cal.2d 288 [14 Cal. Rptr. 633, 363 P.2d 865]; People v. Garn (1966) 246 Cal. App.2d 482 [54 Cal. Rptr. 867].) Defendant's counsel may well have considered it to defendant's advantage to have a joint trial in light of defendant's defense and the proffered evidence to support that defense  evidence that was pointed toward acts of misconduct by codefendant Contreras toward defendant and other family members of defendant.
Had defendant been tried separately, the trial court might well have made the same ruling on inadmissibility of defendant's proffered evidence. In view of the significant probative value of the proffered evidence on the issue of defendant's innocence, the trial court should have ruled the evidence admissible and, upon the request of counsel for codefendant Contreras, given a limiting instruction with respect to its use (Evid. Code, § 355) or offered defendant Contreras the right to move for a mistrial if the latter considered such evidence sufficiently prejudicial to *557 him to contravene his right to a fair trial. The alternative which the trial court chose, however, of refusing admissibility to the proffered evidence  constituted prejudicial and reversible error to defendant. (See People v. Duran (1976) 16 Cal.3d 282, 296 [127 Cal. Rptr. 618, 545 P.2d 1322]; People v. Watson (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)
The judgment is reversed.
KINGSLEY, Acting P.J.
I concur in the result. I agree with Justice Hupp that, on this record, we need not discuss constitutional matters. I think it sufficient to say that, in light of the importance to Reeder of the excluded evidence, the trial court abused its discretion in relying on section 352 and that, in lieu of exclusion, the court should have offered Contreras the option of a mistrial or a limiting instruction.
HUPP, J.[*]
I concur in the result.
I do not agree that this case is of constitutional dimensions. It can be decided adequately on state law grounds regarding the interpretation of Evidence Code section 352. The result should be determined by whether this court concludes that the exclusion of the relevant evidence under section 352 was an abuse of discretion on the facts of this case. I also do not agree with the criticism of People v. Whitney (1978) 76 Cal. App.3d 863 [143 Cal. Rptr. 301], contained in the opinion. The distinction, said by the majority to be of constitutional significance, between "slight relevancy" and "relevancy" or "significant relevancy" has no meaning. We should say that section 352 is as applicable to either party in criminal cases as it is in a civil case. When applied to evidence offered by a defendant in a criminal case, the judge must weigh the importance of the evidence to the defense offered against the prejudice to the prosecution or a codefendant as in any other case. It is true that evidence relevant to a defense will only be excluded with caution, but no different legal standards apply to a defendant's evidence in a criminal case than apply in a civil case or to the prosecution's evidence in a criminal case.
In this case, the evidence was relevant and important to the theory of defendant Reeder's defense. It was, however, prejudicial to the codefendant. Thus, the trial judge had a dilemma which he solved by the *558 application of section 352. The point is, as the majority points out, that when this state of affairs occurs, one of the defendants is entitled to have a separate trial, and thus the trial court should have granted Reeder's motion for mistrial. I would place the reversal on this ground and not on constitutional grounds.
NOTES
[1] Codefendant Contreras was found not guilty of the offenses charged in counts I, II and IV, but guilty of a violation of Health and Safety Code section 11350, a lesser and necessarily included offense within the offense charged in count III.
[*] Assigned by the Chairperson of the Judicial Council.