HUPP, J.*
I concur in the result.
I do not agree that this case is of constitutional dimensions. It can be decided adequately on state law grounds regarding the interpretation of Evidence Code section 352. The result should be determined by whether this court concludes that the exclusion of the relevant evidence under section 352 was an abuse of discretion on the facts of this case. I also do not agree with the criticism of People v. Whitney (1978) 76 Cal.App.3d 863 [143 Cal.Rptr. 301], contained in the opinion. The distinction, said by the majority to be of constitutional significance, between “slight relevancy” and “relevancy” or “significant relevancy” has no meaning. We should say that section 352 is as applicable to either party in criminal cases as it is in a civil case. When applied to evidence offered by a defendant in a criminal case, the judge must weigh the importance of the evidence to the defense offered against the prejudice to the prosecution or a codefendant as in any other case. It is true that evidence relevant to a defense will only be excluded with caution, but no different legal standards apply to a defendant’s evidence in a criminal case than apply in a civil case or to the prosecution’s evidence in a criminal case.
In this case, the evidence was relevant and important to the theory of defendant Reeder’s defense. It was, however, prejudicial to the codefendant. Thus, the trial judge had a dilemma which he solved by the *558 application of section 352. The point is, as the majority points out, that when this state of affairs occurs, one of the defendants is entitled to have a separate trial, and thus the trial court should have granted Reeder’s motion for mistrial. I would place the reversal on this ground and not on constitutional grounds.

Assigned by the Chairperson of the Judicial Council.