[No. A041256. First Dist., Div. Two. Aug. 1, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN STERLING JONES, Defendant and Appellant.

**COUNSEL**

Barry L. Morris, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Landra E. Rosenthal and Edward P. O'Brien, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McCARTY, J.** *—Defendant and appellant Kevin Sterling Jones was found guilty in a court trial of two counts of first degree burglary (Pen. Code, § 459)[1], rape (§ 261, subd. (2)), rape in concert with another (§§ 261, subd. (2), 264.1), rape with a foreign object (§ 289, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1)), and residential robbery (§ 211, former § 213.5). Most of the convictions also included special findings that defendant was armed and used a deadly weapon during the commission of the offense. He was sentenced to a total of 25 years and 8 months in prison. He appeals, challenging only the sufficiency of the evidence to support the "in concert" finding with respect to one of the rape counts.

### BACKGROUND

On the evening of November 20, 1984, Melba S. was awakened by two men who entered her home. One of the men came toward the foot of the bed, while the other man stood at the door. She could not see their faces because they were wearing ski masks or knit caps over their heads.

The first man, whom the trial court later found to be defendant, told her to be quiet and that he would not hurt her. He told her to take off her panties and she complied. He then unzipped his pants and, against her will, placed his penis in her vagina. After completing the act, he got up and told the second man to "hurry up." The second man then got into the bed and forced her to have sex with him as well.

When the second man was finished, defendant told Melba not to call the police or anyone, that he would be watching the house, and that he would kill her and whoever else came to the house.

The trial court found defendant guilty of rape and further found the allegation that he had done so "in concert with another person" to be true.

### APPEAL

Defendant does *not* challenge the sufficiency of the evidence that established his identity as the first man who raped the victim. ▮▮ However, he asserts that the trial court could not validly find that he committed this rape "in concert" with another because the second man merely stood by and did not actively assist defendant in committing the rape. He notes that

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

in the cases which uphold "in concert" findings, the rapist was assisted by someone who did some affirmative act which facilitated the sexual assault. (See, e.g., *People* v. *Lopez* (1981) 116 Cal.App.3d 882, 885 [172 Cal.Rptr. 374]; *People* v. *Wheeler* (1977) 71 Cal.App.3d 902, 905 [139 Cal.Rptr. 737]; *People* v. *Calimee* (1975) 49 Cal.App.3d 337, 339-340 [122 Cal.Rptr. 658].) In light of the trial court's acquittal of defendant on the charge of aiding or abetting the second man's rape, defendant takes the position that the "in concert" finding here cannot be sustained because the second man's mere presence at the scene was insufficient to warrant an inference that he aided and abetted defendant's rape. As we will explain shortly, the evidence discloses much more than mere presence. Moreover, defendant's acquittal on the charge of aiding and abetting is not before us on this appeal; we are concerned only with whether the evidence supports the "in concert" finding. We conclude that it does.

Section 264.1 provides, in pertinent part, that "in any case in which the defendant, *voluntarily acting in concert with another person,* by force or violence and against the will of the victim, committed an act described in Section 261 or 289, *either personally or by aiding and abetting the other person . . .* shall suffer confinement in the state prison for five, seven or nine years." (Italics added.)

█ In *People* v. *Calimee, supra,* 49 Cal.App.3d 337, 341, the court cited Webster's Third International Dictionary (1971), which defines the specific term "in concert" as "together," giving as an example, "he acted in concert [together] with others."

█ The purpose behind the increased punishment provided for by the "in concert" statute is to discourage "gang type" sexual assaults. (*Calimee, supra,* 49 Cal.App.3d at p. 341.) It also exhibits a legislative recognition that rape is even more reprehensible when committed by two or more persons. (*People* v. *Lopez, supra,* 116 Cal.App.3d 882, 886.) █ As its language indicates, the statute punishes persons acting *in concert* (together) who *either* personally commit the act *or* assist others in its commission. If both defendants "acting together" each rape the victim, the "in concert" clause has been satisfied, and there is no need to inquire whether one aided or abetted the other. Acting "in concert" is not necessarily synonymous with "aiding and abetting." As the court in *People* v. *Gutierrez* (1978) 80 Cal.App.3d 829, 839 [145 Cal.Rptr. 823], noted, the element of multiple parties acting in concert appears to be sufficient whether there are two assailants or six. Consequently, the fact that both men, wearing ski masks or knit caps over their heads, together entered her home and successively raped the victim, each in the presence of the other, was enough to sustain an "in concert" finding.

■   Even if defendant were correct in his assertion that facts establishing accomplice liability were a prerequisite to an "in concert" finding, we have no trouble finding substantial evidence that the second man aided and abetted defendant. The two men entered the house together and left together; they each concealed their identity and conferred briefly with each other between the first and second rapes. The second man stood forebodingly at the door, sealing off all possible escape. Clearly the second man's presence contributed toward terrorizing the victim and overcoming her resistance, thereby facilitating defendant's rape.

The trial court's section 264.1 finding may not be disturbed.

DISPOSITION

Judgment affirmed.

Kline, P. J., and Peterson, J., concurred.

On August 30, 1989, the opinion was modified to read as printed above.