Jerry T. SMITH, Petitioner—Appellant,

v.

Ernest E. ROE, Warden, Respondent—Appellee.

No. 01–56326.

D.C. No. CV–99–11826–AHM(RNB).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2002.

Decided Jan. 3, 2003.

Before BEEZER, KOZINSKI and WARDLAW, Circuit Judges.

## MEMORANDUM *

Jerry T. Smith appeals the denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253 and § 1291, and we affirm.

Smith argues that his trial counsel's failure to request DNA testing on semen evidence from the gang rape for which he was convicted amounted to ineffective assistance of counsel. Preliminarily, we reject the government's contention that Smith procedurally defaulted this argument by failing to raise it at the state court proceedings. Both of Smith's state habeas petitions alleged that trial counsel was in-

---

* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the *Fifth Circuit,* sitting by designation.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

effective because he failed to "recognize the obvious exculpatory potential of semen evidence."

Smith's ineffective assistance claim fails if it does not satisfy either the deficient or prejudice prongs required by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Smith has failed, at least, to show prejudice—that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Even if test results revealed the semen did not match Smith's, such a finding would not have prevented a conviction under Cal.Penal Code § 264.1, because that provision also prohibits aiding and abetting the act of rape. Cal.Penal Code § 264.1 ("[I]n any case in which the defendant, voluntarily acting in concert with another person, by force or violence and against the will of the victim, committed an act [of rape], either personally or by *aiding and abetting the other person,* . . . the defendant shall suffer confinement . . ." (emphasis added)); *see also People v. Wheeler,* 71 Cal.App.3d 902, 139 Cal.Rptr. 737, 740 (1977) ("[Section 264.1] was designed to discourage gang sexual assaults . . ."). Although a negative result might have provided some minimal support to a defense that Smith was not present in the car at all, in light of the evidence at trial, there is no "reasonable probability" that the outcome would have been different. *Strickland,* 466 U.S. at 694. Accordingly, the judgment of the district court is AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.